7  221
47 265

CHARLES CAFFIN *v.* JOHN P. KIRWAN, R. D. SHEPHERD, Opponent.

A debtor may pledge whatever movable property belongs to him, provided it be susceptible of delivery, either actual, fictitious or symbolical, but a thing which is susceptible of neither of those kinds of delivery, is not susceptible of being pledged.

The mere agreement of the parties, is not equivalent in any case to a fictitious or symbolical delivery, within the meaning of article 3120 C. C.

APPEAL from the Third District Court of New Orleans. *Miles Taylor*, for plaintiff.  *C. Roselius* and *A. R. Josephs*, for defendant and opponent.

By the court:

EUSTIS, C. J.   On examining those questions presented by the counsel for the plaintiff, we have been unable to come to any other conclusions than those adopted by the district judge in his written opinion.  For the reasons given by him, the judgments is affirmed, with costs.

*Kennedy, J.*  "This case turns upon the question of the validity of the pledge of the bathing establishment.  Article 3109 of the La. Code declares, that a debtor may give in pledge whatever belongs to him.  Article 3119, declares that it is essential to the contract of pledge, that the thing pledged be actually delivered to the pledgee.  But article 3120, modifies the preceding article by saying, that this delivery (meaning of course the actual delivery) is only necessary with respect to corporeal things ; and that as to incorporeal rights, such as debts, the delivery is merely fictitious and symbolical.  My understanding of these articles is, that a debtor may pledge whatever movable property belongs to him, provided it be susceptible of a delivery either actual, fictitious or symbolical ; but that a thing which is susceptible of neither of those kinds of delivery, is not susceptible of being pledged.  I am further of opinion, that the bare agreement of the parties is not equivalent in any case to a fictitious or symbolical delivery within the meaning of article 3120.  In the case at bar, there was no actual delivery, and no delivery is relied upon except that which, it is contended, results from the notarial agreement of the parties and the recording of that agreement in the conveyance office.  I consider the recording in the conveyance office as amounting to nothing.  I believe a legal delivery might have been effected by an instrument in the form of a sale or transfer, of all *Kirwan's* right to *Caffin* for the avowed purpose of securing him by way of pledge, accompanied by a notice to *Kirwan's* lessor.  This would have vested the legal title into the pledge.  Every day our courts give the effect of a mortgage to contracts of this description passed in other States.  But, one thing appears to me certain, namely: that if the delivery of rights under a lease cannot be effected in this manner, it cannot be effected at all, and consequently that such rights cannot be pledged by our law."

Injunction perpetuated, with costs.