Verdict for defendant.

---

BIDSTRUP v. THOMPSON, (MUTUAL NATIONAL BANK OF NEW ORLEANS, Intervenor.)

*(Circuit Court, E. D. Louisiana. February, 1891.)*

PLEDGE—CORPORATE STOCK.

Defendant, being the owner of shares of corporate stock, deposited the certificate with a trustee under an agreement with the other shareholders that the stock should not be taken out of his possession, or put on the market before a certain time, and took a receipt from the trustee reciting such facts. Afterwards he delivered the receipt to intervenor, with a power of attorney in blank, authorizing the transfer of the shares on the company's books; but he gave the intervenor no order for the delivery of the certificate, and no notice was given to the trustee of the transfer. *Held*, under Civil Code La. art. 3158, providing that "when a debtor wishes to pawn * * * stocks * * * he shall deliver to the creditors the * * * certificates of stock * * * so pawned," that there was no pledge of the shares as against an execution creditor of defendant.

At Law.

*Semmes & Legendre*, for plaintiff.

*Mr. Parkerson*, for defendant.

*Singleton, Browne & Choate*, for intervenor.

BILLINGS, J. The matter to be decided is as to the claim of the intervenor as a pledgee of 60 shares in a corporation known as the "Electric Traction & Manufacturing Company." The facts upon which this claim is to be decided are the following: On January 9, 1890, the defendant, Philip Thompson, was the owner of the above-described 60 shares of stock. By an agreement entered into between him and the other shareholders the certificate for the said 60 shares which had been issued to the defendant in his name was, along with the certificates for the stock of the other shareholders, deposited with W. J. Behan as trustee; the effect of which agreement among the shareholders was that the stock, the certificates of which had been so deposited with Mr. Behan, should not be taken out of his possession or put on the market until after Janu-

ary 1, 1891. Mr. Behan gave to the defendant the following written obligation:

"No. 8. NEW ORLEANS, Jan'y 9th, 1890.

"This is to certify that I, W. J. Behan, trustee, hold in my possession, for account of Philip Thompson, a certificate of stock in the Electric Traction and Manufacturing Co. (No. 8) for 60 (sixty) shares standing in the said name. This stock is held by me as trustee aforesaid under an agreement among certain subscribers to the effect that none of this stock, so held by me as trustee, is to be taken out of my possession or put on the market until after January 1, 1891. After that date, on the surrender of this certificate, I will deliver the aforesaid certificate of stock to the said Philip Thompson on his written order.    [Signed]    W. J. BEHAN, Trustee."

On the 24th day of January, 1890, the defendant obtained a loan of $20,000 from the intervenor, as security for the payment of the loan pledged quite a number of promissory notes, and attempted to pledge the 60 shares of stock of the Electric Traction & Manufacturing Company. Precisely what was done to effectuate the attempt to pledge was this: The defendant delivered to the intervenor the written obligation above set out, which he had received from Behan, and a power of attorney in blank, authorizing the transfer of the said 60 shares of stock upon the books of the corporation. There was no indorsement or other order from the defendant as to the delivery of the certificate upon Behan, and no notice was given to him of the transfer. Matters being thus situated as to the title to this stock, the plaintiff, under a writ of *fieri facias*, seized the 60 shares of stock, the certificate of which was thus held by Behan, and the question is whether as to him there existed a pledge of the same to the intervenor.

The question may be stated thus: A party has a certificate of shares of stock. As security for the compliance with an agreement with other shareholders that he will not put the stock on the market prior to a certain time, he delivers to a trustee the certificate of stock, and takes from him an obligation that after the expiration of the time agreed upon, on the surrender of the obligation, he will deliver the certificate of stock to the depositor on his written order. Can the depositor, as against third persons, pledge the stock by a simple delivery of the obligation of the trustee with a power in blank to transfer the stock on the books of the corporation? The fundamental rule of law under the Code of Louisiana is that of the civil and common law alike as to third persons, that possession of the thing pledged must be given to the pledgee, or to some third person, to hold for him. Civil Code, arts. 3152, 3162, which provide as follows:

"Art. 3152. It is essential to the contract of pledge that the creditor be put in possession of the thing given to him in pledge, and, consequently, that actual delivery of it be made to him, unless he has possession of it already by some other right.

"Art. 3162. In no case does this privilege subsist on the pledge, except when the thing pledged, if it be a corporeal movable, or the evidence of the credit, if it be a note or other instrument under private signature, has been

actually put and remained in the possession of the creditor, or of a third person agreed on by the parties."

Article 3153 distinguishes between actual delivery of things tangible and symbolical delivery of incorporeal things. Article 3158 deals expressly with the privilege of pledge against third persons, and incorporates the acts of the legislature of 1852 and 1855, and, so far as they provide what must be done to constitute a pledge of stocks, is as follows:

"When a debtor wishes to pawn promissory notes, bills of exchange, stocks, obligations, or claims upon other persons, he shall deliver to the creditors the notes, bills of exchange, certificates of stock, or other evidences of the claims or rights so pawned; and such pawn, so made, without further formalities, shall be valid as well against third persons as against the pledgeors thereof, if made in good faith."

That delivery is essential to make a pledge is maintained by all the decisions of our supreme court. The whole subject of pledge of paper securities is dealt with in *Casey* v. *Cavaroc*, 96 U. S. 467, and in *Casey* v. *Schneider*, Id. 496, and in *Association* v. *Wiltz*, 10 Fed. Rep. 330. In *Blouin* v. *Hart*, 30 La. Ann. 714, and in *Factors'*, etc., *Ins. Co.* v. *Marine*, etc., *Co.*, 31 La. Ann. 149, it is held that shares of stock may be pledged by contract and simple delivery of the certificate. In *Caffin* v. *Kirwan*, 7 La. Ann. 221, where the question was whether certain leasehold rights had been pledged by a lessee by a recorded notarial act, the supreme court held that there was no pledge, and adopted the reasons given by the district judge, who in his opinion says as follows:

"This cause turns upon the question of the validity of the pledge of the bathing establishment. Article 3109 of the La. Code declares that a debtor may give in pledge whatever belongs to him. Article 3119 declares that it is essential to the contract of pledge that the thing pledged be actually delivered to the pledgee. But article 3120 modifies the preceding article by saying that this delivery [meaning, of course, the actual delivery] is only necessary with respect to corporeal things, and that as to incorporeal rights, such as debts, the delivery is merely fictitious and symbolical. My understanding of these articles is that a debtor may pledge whatever movable property belongs to him, provided it be susceptible of a delivery, either actual, fictitious, or symbolical; but that a thing which is susceptible of neither of those kinds of delivery is not susceptible of being pledged. I am further of opinion that the bare agreement of the parties is not equivalent in any case to a fictitious or symbolical delivery, within the meaning of article 3120."

In *Lallande* v. *Ingram*, 19 La. Ann. 364, the pledgeor had never had issued to him any certificate of stock, although he had a complete right to such certificate. He attempted to pledge by notarial act. The court say, p. 368:

"Shares of stock cannot be pledged unless they be evidenced by certificates, which must be transferred and delivered to the pledgee. In this case there were no such certificates of stock, therefore nothing was or could be delivered to Lallande, [the pledgee.] * * * We are of opinion that Lallande acquired no right to said stock as pledgee or transferee."

From a consideration of our statutory law, and the cases in which it has been construed, I think it is established that, in order to give efficacy to an attempt to pledge shares of stock, the certificate must be de-

livered.   In the adjudged case there was no certificate in existence.   In this case there was a certificate, but the debtor had placed it beyond his power to deliver it, for he had placed it in the custody of another party for a year, as a security for the performance of another contract.   In the adjudged case and in this case there was the absence of the certificate which by the statute had been made the only symbol of delivery.

I have considered the question whether, under Civil Code, art. 3162, Behan could be considered as a third person, holding the certificate for the intervenor, the pledgee; but there was no "order" upon him from the debtor.   He never even had notice of the pledge.   He therefore, so far as third persons' interests were affected, held, and continued to hold, for the defendant, and for him alone.   My opinion therefore is that in this case there was no delivery of the pawn in the manner—that is, by the symbol—which the law has made essential, and that there is therefore, so far as relates to the plaintiff, who is a third person, no pledge.