GILBERT BOSTWICK AND MARSHALL MAHAFFY v. MARY L. MAHAFFY.

*Gift of personalty in trust—Appropriation.*

Property put by a father in the hands of a third person to be delivered to his daughter upon his death, is sufficiently appropriated to belong to her after his death occurs.

Such a trust concerning personalty does not come within the Statute of Frauds, and need not be shown by writing.

Error to Lapeer. Submitted April 21. Decided April 25.

Trover. Plaintiffs bring error. Affirmed.

*Geer & Williams* for appellants. A trust is not created unless legal title to the fund passes from the donor to the trustee for the benefit of the *cestui que trust: Young v. Young* 80 N. Y. 430 ; Tiff. & Bullard on Trustees 1, 474 ; Story's Eq. Jur. § 964 ; to constitute a gift *inter vivos* there must be a gift absolute and irrevocable, without any reference to its taking effect at some future time, and the donor must deliver the property and part with all present and future dominion over it : 2 Kent's Com. § 438 ; *Dole v. Lincoln* 31 Me. 422 ; *Carleton v. Lovejoy* 54 Me. 445 ; *Wilson v. Carpenter* 17 Wis. 512 ; *Sanborn v. Goodhue* 28 N. H. 56 ; *Irish v. Nutting* 47 Barb. 370 ; *Resch v. Senn* 28 Wis. 286 ; *Wilcox v. Matteson* 9 N. W. Rep. 814 ; the donor must part with all dominion over the property to the donee, to belong to him presently as his own property in case the donor should die without making any change in relation to it : *Irish v. Nutting* 47 Barb. 370 ; *Dole v. Lincoln* 31 Me. 422 ; *Allen v. Polereczky* id. 338 ; *Hamor v. Moore* 8 Ohio St. 239 ; *Dexheimer v. Gautier* 5 Rob. 216 ; *Walden v. Dixon* 5 Monr. 170 ; *Hatch v. Atkinson* 56 Me. 324 ; *French v. Raymond* 39 Vt. 623 ; *Weston v. Hight* 17 Me. 287 ; *Resch v. Senn* 28 Wis. 288 ; *Little v. Willets* 55 Barb. 125 ; *Burrit v. Silliman* 16 Barb. 198 ; *Lewis v. Lewis* 1 Kern. 220.

*W. W. & M. N. Stickney* for appellee.

Campbell, J. Plaintiffs sued as administrators of Dr. Elijah C. Bostwick, deceased, to recover from the defendant, who is his daughter, a sum of money paid over to her after his decease by the custodian of it, in pursuance of directions given by him before his death.

The case contains a good deal of testimony on some points which have been rendered immaterial by the charge of the court, and the verdict. The only question in the case which

seems to be of any consequence is whether there was any sufficient ground for upholding the transaction as a valid donation *causa mortis*.

The errors concerning admission of testimony have been very properly passed over very lightly by counsel, and we think, as the case finally turned, there is no occasion to discuss them.

The facts in brief—so far as necessary to this discussion—are that Dr. Bostwick, who was old and an invalid, having had three sons and one daughter, determined that he had done all he cared to do for the former and wished to leave his personal property to his daughter. He had since his wife's death lived most of the time with a family of sisters named Bailey, one of whom acted for him as amanuensis, and looked more or less after his accounts. He made one or two journeys for his health, and usually left most of his money in charge of the sisters or some of them, to whom there is evidence to show he gave directions that his daughter was to have it in case of his death. One of them was with him when he died, and the money he then had in his possession was brought home by her, and all paid over as he requested.

Some time previous to his death he had written a letter to defendant explaining his intentions, and where his money and other personalty would be found, in case of his death, in which he informed her that he gave it to her. There was testimony of repeated and distinct expressions, in the same direction, to the ladies before mentioned.

The court charged the jury among other things as follows : "If the doctor in his life-time placed any money in the hands of Miss Bailey to be delivered to his daughter after his death, the money that you shall find from the proof was left to be delivered after his death to Mrs. Mahaffy, the defendant in this suit, as her property, was legally hers in the law. If, in other words, you find any part, or the whole of this property passed into the hands of Mrs. Mahaffy after the death of Dr. Bostwick, that was not intended by him to pass into her hands, as already indicated, or not deposited in

the hands of Miss Bailey for Mrs. Mahaffy, for that amount the plaintiffs in this suit would be entitled to judgment or verdict. There is nothing in the remainder of the charge or in the refusals to charge that would affect this charge which was given to determine the action of the jury. The case turns entirely on this.

We think it was correctly given. The case is stronger than the ordinary donation, which goes directly to the donee. Here there was a trustee put in charge, with definite duties, which are not within the Statute of Frauds, and may therefore rest in parol. There was, we think, evidence enough to go to the jury, and there is no reason to impugn their verdict. We do not think it necessary to discuss the law questions, which are simple and come within the range of discussion in *Ellis v. Secor* 31 Mich. 185.

Judgment must be affirmed with costs.

COOLEY and MARSTON, JJ. concurred.