EWING V. BUCKNER *et al.*

76    467
137    746

1. **Trust**: DEED OF : INTERVENING DEED : DELIVERY : ACCEPTANCE OF TRUST. B., with the evident design of settling the income of his property on his wife, conveyed it to R., and on the same day R. conveyed it to defendant in trust for B.'s wife, and at a later date defendant indorsed on the latter deed his acceptance of the trust. The deeds were not recorded at the time, but were found among B.'s papers at the time of his death, and were filed for record by his administrator. *Held* that the manual delivery of the deed of trust to the trustee was not essential to the passing of the title ; because the acceptance of the duties imposed by the instrument necessarily included the acceptance of the title conveyed by it. And the act of B. in procuring the execution of the acceptance necessarily implied that everything essential to the vesting of the title in the trustee had been done ; that is, that there had been a delivery of the deed from B. to R., who conveyed to the trusteee ; and such delivery will be presumed.

2. **Estates of Decedents**: CONVEYANCE OF INTEREST IN : WHAT INCLUDED : CONTINGENT INTEREST : MISTAKE : EVIDENCE. B. conveyed certain property to a trustee for the use and benefit of his wife, with a provision that the trustee should convey the same, or any portion thereof, to such person as she might direct, but that in case of her death before any disposition of the property he should convey it to her heirs. Afterwards B. died, and while his widow was still living, one of his sons conveyed all his interest in his father's estate. *Held* that the son had no vested interest in the property held in trust for his mother, and that his contingent interest in it could not be regarded as included in the conveyance made by him ; nor could it be held, except upon clear and satisfactory evidence ( which was not produced in this case ), that it was intended to be included in the conveyance, but was omitted by mistake. Consequently, the interest in that property which descended to him upon the death of his mother did not inure to his grantee, but was subject to sale on execution against him.

3. **Trusts:** DEED OF AND ACCEPTANCE : ADVERSE POSSESSION BY GRANTOR : STATUTE OF LIMITATIONS. Where one conveyed property in trust for the use of his wife, and secured an acceptance of the trust by the trustee, but the latter did not enter upon his duties as such for some years, and meantime the grantor made another deed of trust to secure the payment of money, and in all other respects continued to treat the property as his own, but died before the lapse of ten years after he had secured the acceptance of the trust, and upon his death the trustee took possession and entered upon his duties, *held* that these acts of the grantor did not have the effect to give him title by adverse possession as against the trustee, because such possession was not continued for ten years after the acceptance of the trust, and before the end of that time the trustee took possession, with the concurrence of the administrator, and asserted his rights under the deed to him.

*Appeal from Des Moines District Court.* — HON. CHARLES H. PHELPS, Judge.

FILED, JANUARY 16, 1889.

THIS is an action in equity for the partition of real estate. The district court on a final hearing of the cause adjudged that plaintiff had no interest in the property and dismissed her petition, and she appeals.

*Power & Huston* and *Seerly & Clark,* for appellant.

*P. Henry Smyth & Son,* for appellee.

REED, C. J.—In 1850, and prior thereto, Richard F. Barret was the owner of lot 369, and the south two-thirds of lot 370, in the city of Burlington, on which was situated a hotel known as the "Barret House." On the fifth day of March, 1850, he executed a conveyance of the property to Nicholas H. Ridgley, who on the same day executed an instrument by which the property was conveyed to Richard A. Buckner, in trust for the sole and separate use of Maria L. Barret, wife of said Richard F. Barret. This instrument provides that the trustee shall collect the rents and profits of the property, and pay the same over to Mrs. Barret ; also that he shall convey the same, or any portion thereof, to such

1. TRUST : deed of : intervening deed : delivery : acceptance of trust.

person as she may direct ; or, in case of her death before any disposition of the property, that he shall convey it to her heirs. Barret subsequently purchased the north one-third of lot 370, and the south one-third of lot 371, on which he erected an addition to the hotel. On the thirteenth day of May, 1859, he executed a conveyance of this portion of the property to Richard A. Barret, his son, who on the twelfth of July, 1871, conveyed it to Maria L. Barret. In 1860, Richard F. Barret died leaving surviving him his widow, the said Maria L., his son Richard A. and six other children. The widow died in 1885. Plaintiff then caused an execution, which was issued on a judgment recovered by her in September, 1884, against Richard A. Barret, to be levied on an undivided one-seventh of the whole property, and bid the same in at the sale, and has procured a sheriff's deed thereunder, and her claim of interest is based on the chain of title and proceedings above set out.

On the twenty-eighth of February, 1862, Richard A. Barret conveyed to William L. Barret, in trust for Mary L. Barret, wife of said Richard A., all his undivided interest in his father's estate in this state. That conveyance was executed at about the date of the marriage of Richard A. and Mary L., and was intended as a marriage settlement. On the eighth of July, 1885, the said William L. Barret, trustee, conveyed to the defendant, R. A. Buckner, a one-seventh interest in the property in question, the said Mary L. joining in the conveyance. The claim of the defendants is that neither the deed from Richard F. Barret to Ridgley, nor the conveyance in trust by the latter to Buckner, was ever delivered, and hence that the portion of the property described therein descended, on the death of Richard F., to his widow and heirs ( the former taking a dower estate therein ) ; and that the interest of Richard A. passed by the conveyance in trust to William L., and is now vested in Buckner. They also claim that the deed from Richard F. to Richard A., of that portion of the property acquired subsequent to 1850, was a mere voluntary conveyance, and that it was never delivered,

but that Richard F. retained possession of the property
up to the time of his death, and hence that it descended
to his widow and heirs, and the interest of Richard A.
passed by the trust deed to William L.   With reference
to that claim, it is sufficient to say that it appears to be
established by the uncontradicted testimony, and it has
not been seriously contended that Richard A. retained
any interest in fact in that portion of the property at
the time of the execution sale.   There was no direct evi-
dence of a delivery of the other deeds.   Richard F.
Barret continued in possession of the property during
his lifetime, and received the rents thereon.   Some rent,
however, was due at the time of his death. .  The deeds
were found among his papers after his death, and
Richard A. Barret, who was administrator of his estate,
filed them for record.   An acceptance of the trust by
Buckner was indorsed on the deed from Ridgley, which
was dated December 9, 1859.

We are of the opinion that a delivery of the deed
from Barret to Ridgley must be presumed from the
facts proven.   It is apparent that Barret's object was to
settle the income of the property on his wife.   The two
deeds, as stated above, were executed on the same day,
and without doubt as one transaction.   The deed to
Ridgley was executed, not with the view of conveying
to him a beneficial interest in the property, but as one
of the steps in the accomplishment of the object in
view, viz., the settlement of the estate on Mrs. Barret,
and the trust deed from him was procured to be exe-
cuted for the same purpose.   All this is clear from
the circumstances proven.   Now, the only reasonable
inference that can be drawn from the fact that Barret
procured the execution of that instrument is that he
had already done all that was essential to vest the title
in Ridgley ; for, if that had not been done, there was
no necessity for its execution, and we cannot presume
that the parties were performing an idle and useless
action.

We come now to the question as to the delivery
of the trust deed from Ridgley to Buckner.   It is

altogether probable from the evidence that Barret received this deed from Ridgley at the time of its execution, and that he retained it in his possession up to the time of his death. Buckner testified that he never saw it, and had no knowledge of its existence, until after it was filed for record by the administrator. But in this he was clearly mistaken, for the acceptance of the trust indorsed upon it is in his own handwriting, and is signed by him. He was seventy-six years old when he gave his testimony, and the transaction occurred thirty-five years before that, and had doubtless been forgotten by him.

As Barret procured the execution of that instrument in furtherance of the object he had in view, the plain inference is that he also procured the execution of the acceptance. He probably regarded that act as quite as essential for the accomplishment of his object as those which preceded it, and he is the only person except the beneficiary of the trust who had any interest in procuring it to be done. Having procured the acceptance of the trust by the trustee, he had done everything essential to the accomplishment of his object. The manual delivery of the deed, either to the trustee or the beneficiary, was not essential to the passing of the title; for the acceptance of the duties imposed by the instrument necessarily included the acceptance of the title conveyed by it. And the act of Barret in procuring the execution of the acceptance necessarily implies that everything essential to the vesting of the title in the trustee had been done. This view appears to us to be sustained by sound reason, and it is well supported by the authorities. *Otis v. Beckwith*, 49 Ill. 121 ; *Souverbye v. Arden*, 1 Johns., Ch. 240 ; 1 Perry, Trusts, secs. 260–268. We conclude, therefore, that the trust deed was effective to pass the title to the trustee.

Defendant Buckner, however, pleaded that it was the intention of Richard A. Barret to include the

2. ESTATES of decedents: conveyance of interest in: what included: contingent interest: mistake: evidence.

property in question in the trust deed to William L. Barret, and that the same was omitted by mistake, and that plaintiff had notice of those facts when she bid in the property at the sheriff's sale. With reference to this claim, we deem it sufficient to say that the evidence of the alleged mistake is neither clear nor satisfactory. It consists merely of the vague statement that such was the intention at the time. There is no proof that this particular property was referred to in the conversation, or that it was the subject of any discussion between the parties. Neither is it shown to our satisfaction, that any portion of the rents were paid to the *cestui que trust*, although it is shown that she expended of her own means for some improvements on the building. This appears, however, to have been done for her own convenience; the improvements being upon certain portions of the building then occupied by her. In addition to this is the consideration that, at the time of the execution of the trust deed to William L., Richard A. had no interest in the property which could be conveyed. The title was in the trustee for the use and benefit of Maria L. Barret, and she had absolute power to make any disposition of it she saw fit, and the trustee was required to make conveyances to any person whom she might designate. It was only in case she died without having disposed of it that it was to be conveyed to her heirs. It is clear that he did not have a vested remainder when he made the conveyance to William L., and, as he did not include it in the conveyance, the interest which descended to him on the death of his mother did not inure to his grantee.

Some controversy having arisen between Mrs. Barret and some of her children with reference to the estate, they made a settlement of the matter in 1873, by which she relinquished to them all the rents of the property except three hundred dollars per month. This settlement was reduced to writing, in which it was recited that she was seized as "*cestui que trust*" of

the hotel property. The writing was acknowledged, by all of the parties, and duly recorded; and it was contended that the effect of the instrument was to divest her of all interest in the property, except a life-estate, and to invest the children with the remainder. If this claim should be conceded, it would not avail the defendants; for in that case the interest which accrued to Richard A. under the conveyance remained in him until the rendition of the judgment under which plaintiff purchased, and became subject to the lien.

In 1856, Richard F. Barret executed a trust deed of the property to secure a promissory note for twenty thousand dollars given by him to John Reynolds, Defendant Buckner pleaded that he is now the owner of said note, and that six thousand dollars of the amount remains unpaid, and he prayed that his lien on the property be preserved in any partition that may be made of it. This claim has not been urged in this court, and we deem it sufficient to say, with reference to it, that all right of action for the enforcement of the lien now appears to be barred by the statute of limitations.

In conclusion, it is proper to say that by the execution of this deed of trust to Reynolds, and in other respects, Richard F. Barret appears to have treated the property as his own, after the execution of the trust deed to Ridgley. But all his acts in that respect were after he procured the acceptance of the trust to be executed by Buckner. But by that act the trust was perfected, and he could not by any subsequent acts of his defeat it. If it should be conceded that his possession of the property was adverse to the trustee and the beneficiary, still, as he died within ten years after the acceptance was executed, these rights were not barred by the statute of limitations, and, after his death, the trustee appears to have entered upon the performance of the duties imposed upon him by the deed. He leased the property, collected the rents, and otherwise asserted the trust, and this appears to have been concurred in by the administrator, who was also

3. Trusts: deed of and acceptance: adverse possession by grantor: statute of limitations.

one of the heirs, We reach the conclusion, therefore, that plaintiff, under the sheriff's deed, acquired an undivided one-seventh of the property included in the deed to Ridgley, and in the trust deed from him to Buckner. But he did not acquire any interest in that portion purchased by Richard F. Barret after the execution of those conveyances, and on which the addition to the hotel was built. The deed of that property from Richard F. to Richard A., as we have seen, was never delivered. It therefore descended on the death of Richard F. to his heirs, and the interest therein which Richard A. acquired passed under the trust deed to William L. Barret. The widow took but a life-estate in it, and consequently Richard A. inherited no interest in it from her. The judgment will be

REVERSED.