Nelson v. Nelson.

---

J. ELMER NELSON, administrator, &c., of Rebecca Covert, deceased,

*v.*

J. ELMER NELSON, administrator of Lewis Covert, deceased.

[Filed January 6th, 1897.]

1. A bequest of testatrix's personal estate to her husband "for his use during his natural life" will not deprive him or his personal representatives of their right to the remainder, under the law of intestacy, if no disposition thereof is made by testatrix.

2. The act of 1864 (*Rev. p. 638; Gen. Stat. p. 2014*), making the will of a married woman as to personalty as valid as if she were single, does not affect the husband's right to personal property in respect to which the wife dies intestate.

Nelson v. Nelson.

3. Where a husband dies without having converted to his own use the personal estate of his deceased wife, undisposed of by her will, her administrator holds such estate in trust to pay over to the husband's personal representatives, after payment of the wife's debts.

4. Where a husband dies before converting the whole of his deceased wife's personal estate undisposed of by her will, and the unconverted personalty is not sufficient to pay her debts, the husband's estate must refund as much as is necessary for that purpose.

5. Testatrix devised her real and personal estate to her husband for life, directing that after his death the realty should be given to such one of her nephews and nieces as the husband, who was appointed executor, might designate; but the latter died intestate without exercising such power, and the administrator *de bonis non* of the wife's estate, who was also the husband's administrator, filed a bill for construction of testatrix's will.—*Held*, that as complainant had no interest in the real estate in either capacity, title thereto could not be adjudicated in such suit.

On final hearing on bill, answers, replication and proofs.

*Mr. Aaron E. Johnston*, for the complainant.

*Mr. Acton C. Hartshorne*, for the defendants, heirs and next of kin of Rebecca Covert.

*Mr. James Buchanan*, for the defendants, certain next of kin of Lewis C. Covert.

*Mr. Charles H. Ivins*, for the defendant Nelson as administrator of Lewis C. Covert, deceased.

EMERY, V. C.

This case involves the construction of the will of Rebecca Covert and a dispute between her own next of kin and legal representative on the one side, and the legal representative and next of kin of her husband on the other.

Rebecca Covert died October 8th, 1894, possessed of real and personal property, and having first made her will, dated March 2d, 1894, by which she directed as follows:

"After the payment of my just debts and funeral expenses, I give, devise and bequeath to my husband, Lewis C. Covert, all my estate, real and personal, of whatsoever kind and wheresoever found, for his use during his natural life; after his death I wish the property where I reside to be given to some one of my nieces or nephews as shall be designated by my husband, Lewis C. Covert, the said property to be kept in good repair as long as my husband shall live."

She appointed her husband executor, and the will contains no other disposition of her property. Lewis C. Covert proved the will, took out letters testamentary, administered on the estate and filed an inventory of the personal property, which amounted to over $3,000. The bulk of this personal property consisted of securities and bank accounts standing in the name of Mrs. Covert at her death, and Lewis C. Covert, as executor, transferred these accounts to an account in his individual name, paying therefrom the funeral and probate expenses of his wife's estate. A bond and mortgage for $1,800, belonging to his wife and standing in her name, was included in the inventory of her estate, but was not collected by Lewis C. Covert or transferred to his name before his death on January 23d, 1895, which occurred before he had fully administered upon his wife's estate.

Administration *de bonis non* upon the wife's estate was granted to the complainant on February 6th, 1895, and on the same day he was also appointed administrator of the estate of her husband, who died intestate and without having executed the power of designation or appointment given to him by the will. The complainant, as administrator *de bonis non* of the wife's estate, has in hand about $2,100, including the bond and mortgage for $1,800, above referred to, and as administrator of the husband's estate, about $800. There were no children or issue of children left surviving, and the next of kin of both wife and husband claim all the personal estate in the hands of complainant as coming to them respectively, and the two classes of heirs-at-law make similar claims as to the real estate. The bill is filed by complainant to settle the right of the respective claimants to the personal estate which he holds in trust and also as to the real estate, but as to the latter no circumstances appear,

by pleadings or evidence, which give the complainant any interest in these lands or any right to call upon this court for an adjudication of the title to the real estate as necessary to the discharge of the duties of his trust. This trust extends, so far as this case shows, only to the personal estate.

My conclusions in the case are :

*First.* The bequest to Lewis Covert by the will of his wife, Rebecca Covert, being expressly declared to be a bequest for his use during his natural life, cannot be construed as giving to him, by implication, an absolute interest in the personalty. The cases cited by counsel to sustain such absolute gifts of the principal by implication are all cases where the income or interest of the fund was given indefinitely and without express limitation in the will itself to the life of the legatee. *Gulick* v. *Gulick, 12 C. E. Gr. 498 (Errors and Appeals, 1875); Harston* v. *Elden, 5 Dick. Ch. Rep. 522 (Chancellor McGill, 1892),* and cases cited.

*Second.* There being no bequest in the will of Rebecca Covert, either expressly or by implication, of the remainder in the personal estate after the death of her husband, she died intestate as to this remainder. To this remainder the husband or (in case of his death before full administration) his representatives are entitled under the rule settled in *Donnington* v. *Mitchell, 1 Gr. Ch. 243 (Chancellor Pennington, 1839),* and the cases therein cited (at *p. 247*). This case was approved on this point by Chancellor McGill (1887) in *Stoutenburgh* v. *Hopkins, 16 Stew. Eq. 577, 580; affirmed on appeal, 18 Stew. Eq. 890,* for reasons stated. The circumstance that the testatrix gave her husband an express estate for life in the personal property is not sufficient to deprive the husband or his representatives of the rights in the remainder which devolve upon them by the laws relating to intestacy.

*Third.* The rule settled in the above cases as to the rights of the husband or his representatives to the personal property of the wife, in cases where the will of the wife does not dispose of the personal property, has not been changed by the laws relating to married women which were relied on by counsel. The act of 1852, as revised in 1874 (*Rev. p. 636*), reached only to the ownership and control of the wife's personal property during

her life, and did not affect the husband's rights to her personal property on her death.     The act of 1864 (*Rev. p. 638; Gen. Stat. p. 2014*), which provides that the will of a married woman as to personal property shall be as valid as if she were an unmarried woman, gives the wife power to bequeath her personal estate to her husband or to others than her husband, without his assent as previously required, and the statute is applicable only as to personalty which is bequeathed.     Where the wife does not fully exercise the right of testamentary disposition, and, as to her personal estate or any interest therein, dies intestate before the husband, the rights of the husband or his representatives to the undisposed-of personalty remain unaffected by these laws and come within the application of the rules above referred to in *Donnington* v. *Mitchell, supra.*     In *Van Liew* v. *Van Liew, 9 Stew. Eq. 638*, the husband died before the wife (see report *p. 638*) and the case is therefore not in point.

*Fourth.*  The right of the husband to the wife's personal property undisposed of by her will does not depend upon his actual conversion of her estate after her death to his own use, and, so far as the same has not been administered or converted by him, the administrator *de bonis non* of the wife's estate will hold the estate in trust to pay over to the husband's administrator, after paying the debts of the wife's estate.     This is the rule as settled by the cases above cited.     And inasmuch as the husband's interest in his wife's personal estate, whether received as legatee or under the intestacy laws, is subject to the payment of the wife's debts, it follows that if the amount of the wife's estate remaining unadministered is not sufficient to pay her debts the husband's estate is liable to refund the legacies he has received to an extent sufficient for that purpose.

*Fifth.*  This court has no jurisdiction on this bill to adjudicate upon the legal title to the real estate after the termination of the life estate directly given by Rebecca Covert to her husband. The complainant, as administrator *de bonis non* of Mrs. Covert or as administrator of Lewis Covert, has no title to the real estate nor any such interest therein, either under the will of Mrs. Covert or otherwise, as to entitle the court, on his applica-

tion, to adjudicate upon the title to real estate, and therefore no adjudication is made. No power of sale was given to her executor, and the questions as to the interest in the real estate resulting from the default in appointment by Lewis C. Covert, are evidently such as cannot properly be adjudicated upon this bill filed by her administrator *de bonis non*, whose interest in either of the estates reaches only to the personal property. As to the real estate the same question of title under the will is here raised between the nephews and nieces of Rebecca Covert and the heirs-at-law of Lewis C. Covert, the latter claiming that by the will of his wife Lewis C. Covert was entitled to the absolute fee. The construction I have placed on the will, so far as relates to Lewis C. Covert's absolute interest in the personal property, may perhaps apply to the real estate, if my view of the construction of the will is sustained by the court before which the title to the lands comes in question, but in this case no adjudication upon the title to the real estate will be made.