Tarbox v. Grant.

---

Louis P. Tarbox, administrator of Eliza Grant, deceased,

v.

George C. Grant et al.

[Filed January 18th, 1898.]

1. Where a deed executed by a father to convey his equitable interest in his deceased wife's personal estate to a trustee, for the benefit of his heirs, is shown to have been intended to operate as a voluntary family settlement from the time it was executed, it is valid and creates the trust intended, although not delivered in grantor's lifetime.

2. A transfer by a husband of his interest in his deceased wife's personal estate to a trustee, before the estate is administered, is a transfer of an equitable interest rather than a legal title.

3. A valid trust may be created by executing and delivering an assignment merely of an equitable interest to a trustee without actual delivery of the evidence thereof.

4. A gift of chattels or choses in action by deed is made complete and valid by delivery of the deed alone, without an actual delivery of the chattels or evidence of the choses in action, and grantor is estopped to deny that possession of the thing granted had not been transferred.

5. The deed transferring the equitable interest recited that "in consideration of the natural love and affection which grantor has unto G. and heirs of T., B. and W., deceased," the estate is conveyed in trust, to be "paid over by T., administrator, to my said children and heirs of my said children aforesaid, share and share alike," &c.—*Held*, that the deed was a direction to pay over equally, share and share alike, *per stirpes*, between the children and the heirs of deceased children, and not *per capita*.

On bill for directions, &c.

*Mr. Woodbridge Strong*, for the complainant.

*Mr. John W. Beekman*, for the defendant John D. Grant.

*Mr. M. W. Van Winkle*, for the defendants George C. Grant et ux.

EMERY, V. C.

The bill in this case is filed for directions as to the distribution of the estate of Eliza Grant, deceased, in the hands of complainant, as her administrator, and I will state briefly the conclusions I have reached on the questions submitted.

The first question relates to the validity of a deed executed by George C. Grant, the husband of Eliza Grant, on March 5th, 1894, more than a year after her death. By this deed the husband, who was then entitled to the beneficial interest in his wife's estate, upon which estate letters of administration had not then been taken out, conveys to the complainant, who was to take out such letters, and who is described in the deed as administrator of Eliza Grant, all the personal property and estate of his wife to hold upon certain trusts. One of these trusts is the division thereof among his children and heirs of children deceased, except testator's son, John D. Grant. It appears by the evidence that a conveyance of real estate had been made by George C. Grant and his wife, during their lives, to the son, John D. Grant, and that the object of the deed now in question was to divide the personal property of the wife among the other children and their heirs. The validity of this deed is now questioned by the two sons, John D. Grant and George C. Grant, Jr., and by the wife of the latter, as his assignee, upon two grounds. The first is that it was not delivered by the grantor, but remained in his custody until after his death. The proof as to the custody of the deed after its execution by the father in the presence of his sons, is incomplete. The son George, who gave the paper to the complainant after his father's death, now swears that he never had the paper before his father's death, but his evidence is not satisfactory. He delivered the paper to the complainant

after his father's death, but he now denies any recollection of this, and, of course, altogether fails to account for his possession of the paper. The defendants rely altogether upon the failure of the complainant to prove delivery of the paper, but upon the entire transaction relating to the execution of the deed, the case is one where the deed is valid, even though it had been proved to have been retained by the grantor in his possession until his death. The deed was in the nature of a voluntary settlement by the father of his interest in his wife's personal estate, and was so intended or supposed to be by the father and the two sons who now contest it. Deeds of this character, fairly made, are always held binding in equity upon the grantor, unless there be clear and decisive proof that the grantor never parted or intended to part with the possession of the deed, and even if he retains it, the weight of authority is decidedly in favor of its validity, unless there be other circumstances besides the mere fact of his retaining it, to show that it was not intended to be absolute.//This is the rule as stated by Chancellor Kent, after a full examination of the cases. *Souverbye* v. *Arden, 1 Johns. Ch. 240, 256 (1815)*. He reaffirmed the doctrine in *Bunn* v. *Winthrop, 1 Johns. Ch. 329, 336,* upon this point. This rule was followed, in *Scrugham* v. *Wood, 15 Wend. 545 (1836)*, in a case where a deed conveying lands was intended as a family settlement, and was found after the grantor's death among his private papers. Mr. Justice Nelson (at *p. 546*) says: "No one can doubt from the account of the execution of the deed given by the commissioner in connection with the previous preparation of it at the instance of S. (the grantor), that it was the understanding and intent of all parties at the time of the execution and acknowledgment, that it was delivered, or, in other words, that the family settlement was complete." This rule also seems to be recognized generally. *1 Perry Trusts § 103,* and cases cited.

The special doctrine relating to delivery of deeds in cases which are such family settlements is recognized in *Ruckman* v. *Ruckman, 6 Stew. Eq. 354* (at *p. 358*) (*Green, Judge*), but I have not been referred to any case in our own courts in which the question of their validity when retained by the grantor has

been directly involved and adjudicated. The cases in our courts relied on by the counsel for defendants as to the necessity of delivery or the effect of retention by the grantor were cases where this question as to the nature of the deed or declaration of trust, as a family settlement, was not discussed or passed upon. *Vreeland* v. *Vreeland, 3 Dick. Ch. Rep. 56; Cannon* v. *Cannon, 11 C. E. Gr. 316,* and cases cited.

The evidence relating to the circumstances of the preparation, execution and acknowledgment of the deed by the grantor in the presence of his children show that it was intended to operate as a voluntary family settlement of the personal estate of the grantor's wife from the time of its execution and formal acknowledgment, and the subsequent retention of the deed by the grantor, if in fact he did retain it, did not prevent its operation as a deed executed and delivered. And in accordance with the rule settled by the cases above referred to, I hold, therefore, that the deed was valid even if retained by the grantor.

The second objection to the deed relates to its operation upon the personal estate of the grantor's wife, Eliza Grant. At the time of its execution, March 9th, 1894, which was more than a year after Eliza Grant's death, no administration had been taken out upon her personal estate. The husband and children had, however, previously signed a renunciation of their right to administration in favor of the complainant, a son-in-law of George C. and Eliza Grant. The assets of Eliza Grant's personal estate consisted principally of a deposit in her name in a savings bank and a bond and mortgage also given to her. No change in the legal title to these assets had been made up to the time of the execution of this agreement, nor was any made thereafter until the complainant took out letters of administration in August, 1894, after the death of George C. Grant, Sr., April 22d, 1894. The savings bank-book and the bond and mortgage were not delivered to the complainant, the grantee named in the deed, at the time of the execution of the deed nor during the lifetime of the grantor, George C. Grant, but the complainant, as administrator, collected the sums due on these securities, and they are the source of the principal portion of

Tarbox v. Grant.

the estate in his hands for distribution, amounting to about $3,100. The point made is that the deed in question, even supposing it to have been delivered by the grantor, was not operative to pass these choses in action, the deposit in the savings bank and the bond and mortgages, for the reason that there was no delivery of the evidences of these choses in action, and that the delivery of these being essential, the deed in question did not operate as a completed conveyance. The case of *Ruckman* v. *Ruckman, 6 Stew. Eq. 354 (Errors and Appeals, 1880)*, is relied on upon this point, but it does not reach this case. In that case one of the questions was whether a bond and mortgage had been assigned to the wife of the husband. An assignment of the bond and mortgage had been drawn, and the real question was whether this deed of assignment itself, which had remained among the assignor's papers and along with the bond and mortgage, had been delivered. The court held that the assignment itself had not been delivered by the grantor and that the gift was, therefore, never carried into effect. The case did not decide that if the assignment had been in fact delivered the gift would not have been perfected without the delivery of the bond and mortgage.

The deed in this case, under the seal of the grantor, in consideration of natural love and affection to the grantor's children and grandchildren and of one dollar paid, conveyed to the complainant, administrator of Eliza Grant, deceased,

" all personal property and estate of my deceased wife, Eliza Grant, as hereinafter mentioned, to hold in trust for the said George C. Grant, Jr., and the children or heirs of my deceased children aforesaid. To this end that upon the settlement of the estate of my said wife, deceased, by the said Louis P. Tarbox, administrator, all money or property in his hands, after paying the debts and expenses of said estate and settlement thereof, whether derived from moneys now deposited in bank, or mortgages, or from any source whatever and wherever found, as being part of the property of my said wife, Eliza Grant, deceased, consisting of money on deposit in Emigrant Industrial Savings Bank and Citizens' Savings Bank, with interest, amounting to about twenty-nine hundred dollars, also mortgages and debts due the estate of my deceased wife, shall be paid over by the said Louis P. Tarbox, administrator, to my said children *or heirs* of my said children, aforementioned, share and share alike, and I do by these presents release and quit claim all my right, title and interest in the same, or whatever rights I may have to the end and purpose aforesaid."

At the time of the execution of this deed the husband was entitled to the entire beneficial interest in his wife's personal estate, and upon his death before full administration thereof his representatives, but for this deed, would be entitled. *2 Kent Com.* § *136; Donnington* v. *Mitchell, 1 Gr. Ch. 243 (1839); Stoutenburgh* v. *Hopkins, 16 Stew. Eq. 577, 580; affirmed 18 Stew. Eq. 890; Nelson, Administrator,* v. *Nelson, Executor, 36 Atl. Rep. 280.* The deed was a transfer of the equitable estate or interest of the grantor in his wife's estate rather than a transfer of the legal title. Strictly, therefore, the case would seem to come within the rule that a valid trust may be fully created merely by executing and delivering the assignment of the equitable interest to a trustee, for the reason that, after this assignment, no act is necessary to be performed by the settlor. *1 Perry Trusts* § *102* and cases cited; *Sloan* v. *Cadogan, 2 Sugd. Vend. & P. 617, 624 (1808).*

The administrator, when appointed, became vested with the legal title to the choses in action of Eliza Grant by operation of law upon taking out letters, and it required no further act upon the part of the husband to invest the administrator with such legal title, even against the husband. This legal title the administrators held for the purpose of administration and distribution, either according to the statute or the settlor's deed.

It would seem, therefore, that a delivery of the assignment in this case would have been sufficient to convey to the complainant the settlor's equitable interest in his wife's estate upon the trusts specified, and that the delivery, in addition, of the bankbook and of the bond and mortgage was not essential to complete the trust declared of the husband's equitable interest therein.

But treating the case as an intended gift of the legal title to choses in action, by deed of assignment, the authorities hold that a gift of chattels or choses in action, by deed, is complete and valid as an executed gift by the deed alone and without an actual delivery of the chattel or security itself. *2 Kent Com. 438,* citing *Flower's Case, Noy 67; Hooper* v. *Goodwin, 1 Swanst. 486 (1818),* and cases cited; *8 Am. & Eng. Encycl. L. 1331; Carr* v. *Burdiss, 1 Cromp., M. & R. 782, 788.*

Tarbox v. Grant.

In *Irons* v. *Smallpiece, 2 Barn. & Ald. 551,* Chief-Justice Abbot (at *p. 553*) says: " I am of opinion that, by the law of England, in order to transfer property by gift, there must be either a deed or instrument of gift, or there must be an actual delivery of the thing to the donee." And in *Morgan* v. *Malleson, L. R. 10 Eq. 475,* it was held by Lord Romilly, master of the rolls, that a written memorandum of gift of a bond delivered to a donee was sufficient without handing over the bond. The principle that an assignment by writing is sufficient to convey title to a chose in action, seems to be recognized in several cases in our own courts, but the precise point now raised was not decided in any of the cases. *Dilts* v. *Stevenson, 2 C. E. Gr. 407* (at *p. 413*) (*Green, Chancellor, 1864*); *Egerton* v. *Egerton, 2 C. E. Gr. 419, 421.*

Where the assignment of the chattel or chose in action is by deed, an estoppel arises against denying that the possession of the thing granted has been transferred, and the gift is, therefore, considered as perfected. Notes to *Ward* v. *Turner, 1 Lead. Cas. Eq. (4th Am. ed.) pt. 2 pp. 1237, 1238,* and cases cited. The delivery of the securities themselves was not necessary, therefore,. to perfect the gift or settlement made by the deed, and as the retention of this deed by the settlor would not, for the reasons above given, impair its effect as a deed actually creating the trust, the trusts declared in the deed of settlement were completed and must be carried out, even if the securities as well as the deed itself were retained by the settlor.

The third question raised relates to the construction of the deed, and the question is whether, under the deed, the division of the mother's estate is to be made *per stirpes* between the children of the grantor and the heirs of the deceased children, or whether the division is to be equally *per capita* among the children and the grandchildren.

The instrument which is set out in full in the bill recites that " in consideration of the natural love and affection which the grantor has unto George C. Grant, Jr., and heirs of Ann Eliza Tarbox, Mary Burroughs and Josephine Wright, deceased, who were children of George C. Grant, Sr.," and conveys the estate

of his wife in trust, after payment of debts, &c., to be "paid over by the said Louis P. Tarbox, administrator, to my said children and heirs of my said children aforesaid, share and share alike," &c.

While the question is not altogether free from doubt, I construe this to be a direction to pay over equally, or share and share alike, *per stirpes,* between the children and the heirs of children, if any children are dead. · As I construe the deed, the estate is to be paid " to my said children, share and share alike," and the gifts to the heirs of the children are made substitutional to those thus made to the children. If this be the true interpretation, then the division is clearly to be made *per stirpes,* and I will so advise.