IN RE ESTATE OF JOSEPH PODHAJSKY, deceased.

MAMIE L. PODHAJSKY, ADMRX., Appellee, v. CHARLES BEDNAR, Appellant.

**Trusts:** ACCEPTANCE BY BENEFICIARY: ENFORCEMENT. The deed of a
1 husband conveying property to his wife and delivered to a third person as trustee, together with a contemporaneous instrument creating the trust and directing delivery of the deed to the wife upon payment by her of a stated sum for the benefit of other heirs, will be construed as one instrument, and an acceptance of the deed by the wife will relate back to the date at which it was delivered to the trustee; and the beneficiaries will be entitled to enforce their rights against the trustee, though neither they nor

the grantee knew of the provision for their benefit until after the death of the grantor: and this is true whether the transaction be regarded as a trust or a gift.

**Same:** GIFTS. A person owning property of any kind, whether legal or equitable, may give the same in his lifetime either directly to the donee, or by a suitable declaration in trust to a third person for the benefit of the donee, and may authorize a delivery thereof after his death.

*Appeal from Linn District Court.*—HON. B. H. MILLER, Judge.

THURSDAY, MARCH 19, 1908.

PROCEEDING in probate. From an order directing Charles Bednar to turn over to the administratrix of said estate certain moneys in his hands, said Bednar appeals.—*Reversed.*

*Lewis Heins,* for appellant.

*Smith & Smith* and *S. K. Tracy,* for appellee.

BISHOP, J.— Joseph Podhajsky, late of Linn county, died interstate July 26, 1904. In November, 1905, Mamie L. Podhajsky, administratrix of his estate, commenced this proceeding by presenting an application for an order requiring Charles Bednar — suspected by her, as she says, of having in his possession personal property belonging to said estate — to appear and submit to an examination. A citation issued, and an examination was had, following which the administratrix moved the court for an order directing Bednar " to turn over the $1,000 of money, together with interest from July 26, 1904, that belonged to the deceased, Joseph Podhajsky, and that is admitted is in his possession . . . . This motion is based on the testimony given by said Bednar in a proceeding to disclose property," etc. To the motion thus made Bednar appeared and filed an answer and re-

sistance, and a hearing was had before the court, on which hearing a state of facts was disclosed as follows: On June 17, 1904, Joseph Podhajsky was the owner of certain lots in the city of Cedar Rapids, and on that day he executed a deed of conveyance thereof to his wife, Anna Podhajsky, and placed the same in the hands of Bednar, together with an instrument in writing in these words: " I hereby appoint Charles Bednar as my trustee for this, my wish: I direct him after my death that the $1,000, being the amount that my wife, Anna Podhajsky, is to pay to my said trustee being for the property that I this day deed to her and which shall be paid after my death to my trustee and to be distributed as follows: $250 to Robert Kolin, now nine years old, and $250 to Celetina Podhajsky, seven years old. This money shall be paid in trust until they become of age, and further I here direct and authorize that he pay my daughter, Mary Podhajsky, the sum of $500 at any time after my death. The money shall be loaned or deposited in bank as best my trustee sees fit. [Signed] Joseph Podhajsky." On the face of such instrument appears an indorsement of acceptance of the trust by Bednar in these words: " I hereby agree to perform the above as directed to the best of ability. [Signed] Charles Bednar." Following the death of Joseph Podhajsky, Bednar delivered the deed so placed in his hands to the widow, Anna Podhajsky, she having in the meantime — the exact date thereof does not appear — paid to him the sum of $1,000. Thereafter, and on August 14, 1905, Bednar paid to Mary Podhajsky the sum of $500 as directed in the so-called instrument of trust, and took her receipt therefor. At the close of the hearing the administratrix, on her own motion, dismissed so much of her claim as had relation to the money paid to the daughter, Mary, and elected to demand only an order for payment of the sum of $500 still remaining in the hands of Bednar. And the order entered directed Bednar to pay over " the sum of $500 which

he claims to hold for Robert Kolin and Celetina Podhajsky,
.   .   .   and that he pay costs."

It will be observed that the proceeding was instituted
and tried throughout on both sides on the theory that the
delivery of the deed by Bednar after the death of Podhajsky

**1. Trusts: acceptance by beneficiaries: enforcement.** was authorized, and was sufficient to clothe the grantee named therein with title to the property described. Accordingly that the situation involved no more than the question of the proper disposition of the money paid into the hands of Bednar by Mrs. Podhajsky; and, as did the court below, we may accept of that as the ultimate question in the case. But, in disposing of such question, we shall find it necessary to consider to some extent the effect of the execution of the deed, as well as what was done following in respect thereto. We may premise by saying that construction of the deed and the contemporaneous writing is to be given as of one instrument. This must be true, because otherwise there would be nothing to indicate the purpose in the execution of the deed or expressive of the desire of the grantor in respect thereto. It is no part of the contention of appellant that the instrument should be given effect as a testamentary devise, and it could not well be. It was not executed as the statute requires. If, then, it can be given effect at all, it must be on the theory that by the execution of the instrument and the delivery thereof to Bednar there was created a trust in favor of the persons named which became enforceable by them on the happening of the death of Podhajsky. And here we think is to be found the complete answer to the contention of plaintiff. In receiving the deed and availing herself of the benefits thereof, the widow evidenced her acceptance of its terms and her obligation to pay the sum named by her grantor, and, under all the authorities, such acceptance had relation back to the date of the delivery of the deed into the hands of Bednar for her benefit. *White v. Watts,* 118 Iowa, 553.

And it is not material that the record fails to show in express terms that the grantee or the persons to whom the grantor directed the money received from the grantee should be paid knew of such deposit or of the terms upon which it ·was made, or that they or either of them expressly assented to or accepted the provision thus made for their benefit.   *White v. Watts, supra; Cumberland v. Codrington,* 3 Johns. Ch. (N. Y.) 261 (8 Am. Dec. 492)  *Sheppard v. McEvers,* 4 Johns. Ch. (N. Y.) 137 (8 Am. Dec. 561); *Bank v. Albee,* 64 Vt. 571 (25 Atl. 487, 33 Am. St. Rep. 944).   Under the circumstances, the rule is that the acceptance of a gift by the donee or of the benefits a trust will be implied. *Blasdel v. Locke,* 52 N. H. 238; *Beaver v. Beaver,* 117 N. Y. 421 (22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531); *Dunlap v. Dunlap,* 94 Mich. 11 (53 N. W. 788); *Stone v. King,* 7 R. I. 358 (84 Am. Dec. 557).

When, therefore, Podhajsky thus delivered the deed in deposit and thus divested himself of the title to the lots, he became, in turn, vested with a property right in the obligation of the grantee to pay the specified sum of $1,000, and this property right he could lawfully dispose of by will or by assignment or gift to his children or to some third party for their use and benefit.   It will not be disputed that it is entirely competent for a person, either by a duly acknowledged written instrument or even by parol, to turn over personal property, moneys, securities or choses in action into the hands of another, to be held and used for the benefit of some designated beneficiary, and that, when this is done, such beneficiary obtains an immediate and vested interest in the subject of the trust, which the trustor cannot revoke or disaffirm unless such power of revocation has been reserved in express terms at the time the trust was created.   *Hellman v. McWilliams,* 70 Cal. 449 (11 Pac. 659); *Nichols v. Emry,* 109 Cal. 323 (41 Pac. 1089, 50 Am. St. Rep. 43); *Ewing v. Buckner,* 76 Iowa, 467 (41 N. W. 164); *Millspaugh v. Putnam,* 16 Abb. Prac. (N. Y.) 380.   And this is none the

less true where the trust is entirely voluntary and without any valuable consideration passing from the beneficiary to the trustee. *Sewall v. Roberts,* 115 Mass. 262; *Minot v. Tilton,* 64 N. H. 371 (10 Atl. 682); *Mabie v. Bailey,* 95 N. Y. 206. Neither will the fact that the trust cannot be administered and settled until after the death of the trustor afford any reason for invalidating the trust. *Lewis v. Curnett,* 130 Iowa, 423. Where one makes a deposit in a savings bank in his own name in trust for a designated beneficiary declaring at the time that he wishes the deposit to vest in the donee at his death there is a completed and enforceable trust in favor of such beneficiary, and the fund is held not to pass as a part of the estate of the trustor. *Bath Savings Institution v. Hathorn,* 88 Me. 122 (33 Atl. 836, 32 L. R. A. 377, 51 Am. St. Rep. 382); *Bartlett v. Remington,* 59 N. H. 364; *Willis v. Smyth,* 91 N. Y. 297.

It is immaterial whether we call the transaction now under consideration a gift by the deceased to his daughters or a trust established by him for their benefit. Indeed, a voluntary trust is simply a device by which a donor effectuates a gift either of property or of its beneficial use and enjoyment to a designated donee. Even a gift *causa mortis* may be effected by delivery to a third person in trust for the donee, although the gift does not come to the knowledge of the donee, and is not accepted by him, until after the death of the donor. The acts of the trustee or third person receiving the property for the benefit of the donee are deemed to be in the interest of the latter, and the acceptance of the gift is presumed. *Clough v. Clough,* 117 Mass. 83; *Gerrish v. Institution,* 128 Mass. 159 (35 Am. Rep. 365); *Pierce v. Bank,* 129 Mass. 425 (37 Am. Rep. 371); *Beals v. Crowley,* 59 Cal. 665; *Woodburn v. Woodburn,* 123 Ill. 608 (14 N. E. 58, 16 N. E. 209); *Devol v. Dye,* 123 Ind. 321 (24 N. E. 246, 7 L. R. A. 439). No particular form of words is required to create a trust in another, or to make the party himself a trustee for the benefit of another. It is enough if it

be clearly stated or declared in writing or orally, if the property be personal, that it is held or deposited in trust for the person named. *Gerrish v. Inst., supra; Ex parte Pye,* 18 Ves. 140.

In *Dettmer v. Behrens,* 106 Iowa, 585, the owner of property executed a conveyance naming a member of his family as grantee, and deposited it in the hands of a third person, with instructions to deliver the same after his death upon payment by the grantee of $100 within one year after the grantor's decease. After the death of the grantor, a controversy arose whether the property conveyed should not be treated as a part of his estate. We held the conveyance to be effective, saying: " If, however, we agree with the appellant, and say that this deed shall not be construed as a part of the will, we must regard Behrens as having acquired title by this delivery. The rule is well settled that the death of a grantor will not prevent the delivery of a deed if the condition under which it is held by a third person is complied with." We also said in the same case that: " Delivery may be incomplete in life to become absolute after death, and, where the grantor places the deed in the hands of a third person to be delivered to the grantee named therein after the grantor's death without reservation of power to recall, and it is not recalled, but remains in the hands of the depositary until the happening of that event, and is then turned over to the grantee, there appears to be no good reason why the delivery should not be regarded as valid and effectual, and relate back to the first delivery." If such be the case, then the acceptance of the deed and the performance of the condition must also relate back to the same date. In *Schollmier v. Schoendelen,* 78 Iowa, 426, the deceased having a deposit in the bank, wrote in her bank book an order directing that the deposit be paid to certain named persons after her decease. Relying upon this order or assignment, the persons named therein drew the deposit from the bank. After the death of the donor, the administrator brought

an action to recover the moneys so received.    The trial court, as in the case at bar, directed a verdict in favor of the administrator, and on appeal to this court the judgment. was reversed.    We said:  " In our opinion the proper effect to be given the assignment must depend upon the intent of the decedent with respect to it.    In terms it is a full assignment of the amount shown by the book to be due at the time it was made, not of the amount which should be due at the death of the assignor.    No right to revoke or rescind it is shown to be reserved, and, if it was treated by the assignor as a complete transaction, we think it passed a present interest in the bank account, and it is not vulnerable to the objection made by plaintiff."    In *Greene v. Tulane,* 52 N. J. Eq. 169 (28 Atl. 9) the owner of certain bonds placed them in the hands of a third person, with a writing signed by himself, saying:  " Having deposited in the hands of Caleb S. Greene three $1,000 bonds of the State of New Jersey I hereby authorize and direct him in case of my death to deliver said bonds to Miss Marion Passage and her sister Adelaide Clifton to be equally divided between them." The bonds remained in the hands of Greene until after the death of the donor, and it was held that the gift was complete, and that the donees named in the writing were entitled to receive the bonds.    In *Haxton v. McClaren,* 132 Ind. 235 (31 N. E. 48), a father delivered notes to his son in trust to be collected, and the proceeds to be paid in part to certain children and grandchildren, with the provision that whatever balance of the money so collected should remain in the hands of the son after the death of the donor should be equally divided between two named persons.    Upon this state of facts the Supreme Court of Indiana held that the transaction was such a trust and completed gift that the notes were no longer a part of the father's estate, and were not affected by the will thereafter, executed by him making a different disposition thereof.    Many other authorities to the same general effect could be cited.

We regard it as a settled question that, except as regulated or restricted by statute, a person having property or property rights of any kind, whether legal or equitable, may give the same in his lifetime either directly to the donee or by any suitable declaration to a third person for the use of the donee, authorizing such person to make delivery of the subject of the gift after the donor's death.

2. SAME: gifts.

The following cases have more or less direct bearing upon the question thus under consideration: *Matson v. Abbey,* 70 Hun, 475 (24 N. Y. Supp. 284); *Ellis v. Secor,* 31 Mich. 185 (18 Am. Rep. 178); *Bostwick v. Mahaffy,* 48 Mich. 342 (12 N. W. 192); *Tarbox v. Grant,* 56 N. J. Eq. 199 (39 Atl. 378); 14 Am. & Eng. Ency. Law (2d Ed.) 1028, note 2; *Love v. Francis,* 63 Mich. 181 (29 N. W. 843, 6 Am. St. Rep. 290); *Stone v. King,* 7 R. I. 358 (84 Am. Dec. 557); *Martin v. Funk,* 75 N. Y. 134 (31 Am. Rep. 446); 20 Cyc. 1207, note 64.

It follows that the decree of the court below was error; and the same must be, and is, *reversed.*