ECONOMY *v.* ROBERTS.

1. Trusts—Personalty—Parol Trusts—Statute of Frauds.
   A valid trust on personalty may be created by parol without violating the statute of frauds (3 Comp. Laws 1929, § 13416).

2. Same—Establishment.
   The facts and circumstances of each case must be examined in the light of general trust principles to determine whether a trust has been created.

3. Same—Evidence.
   In suit to establish trust in favor of plaintiff in stock certificates of a certain corporation, evidence *held*, sufficient to justify finding of court that at time certificates were assigned to defendant he knew who were the real parties in interest and that he was acting in capacity of trustee.

4. Liens—Burden of Proof—Trusts.
   Evidence in suit to establish trust in favor of plaintiff in stock certificates *held*, insufficient to establish value of legal services performed by defendant or to sustain his burden of proof that lien on such certificates existed in his favor.

Appeal from Wayne; Campbell (Allan), J. Submitted January 15, 1936. (Docket No. 69, Calendar No. 38,482.) Decided March 2, 1936.

Bill by George Economy against Edward J. Roberts to establish a trust in stock certificates of Lansing Cafe, Incorporated, a Michigan corporation. Decree for plaintiff. Defendant appeals. Affirmed.

*Ambrose A. Hudock,* for appellant.

Edward M. Sharpe, J. Plaintiff, George Economy, filed a bill in the circuit court of Wayne county for the purpose of establishing a trust in favor of him-

self in certain stock certificates of the Lansing Cafe, Inc. In December, 1933, articles of incorporation were filed with the secretary of State for the Lansing Cafe, Inc. Its paid-in capital was $1,000 consisting of 100 shares of common stock with a par value of $10 each, all of which was subscribed for by Edith P. Lanoue. Shortly afterwards the cafe was opened for business under the management of N. Calvert with Edith Lanoue as his assistant. It is plaintiff's claim that he and Calvert were the real parties in interest in this corporation; that Edith Lanoue was simply the record owner of the capital stock; that the stock was issued to Edith Lanoue because plaintiff was a director in the Fair Creamery Company and did not want it known to the customers of that company that he was engaged in the restaurant business, and Calvert owed money to various creditors and wanted to protect his interest in the business from their claims.

The business of the cafe was not a success; and Mrs. Lanoue, wishing to withdraw therefrom, transferred the stock certificates to defendant who paid nothing for the same although he offered to give plaintiff the corporation's note for $900 and pay the same if the cafe made money.

It is the claim of the defendant that he is the sole owner of 50 shares of the capital stock and holds the balance of 50 shares of the stock in trust for Calvert and the same is to be returned to plaintiff as assignee of Calvert when Calvert pays defendant $2,500 for services heretofore rendered. The cause was tried and a decree entered against the defendant, declaring that he had no interest in the 100 shares of stock of the Lansing Cafe. Defendant appeals.

The question involved in this case is the nature of defendant's interest in and to the stock certificates.

He is either a trustee for Economy and Calvert or a *bona fide* owner of the stock. In the solution of this problem we must have in mind that if a trust relation was created, it was in parol. In *Rapley* v. *McKinney's Estate,* 143 Mich. 508, 512, this court said:

"That a valid trust in personalty may be created by parol, is indisputable, in view of the decision in the case of *Calder* v. *Moran,* 49 Mich. 14, and the earlier cases of *Bostwick* v. *Mahaffy,* 48 Mich. 342, and *Bowker* v. *Johnson,* 17 Mich. 42. These cases have been approved in the following cases: *Chadwick* v. *Chadwick,* 59 Mich. 87; *Penny* v. *Croul,* 76 Mich. 471 (5 L. R. A. 858)—which were referred to in the late case of *Eipper* v. *Benner,* 113 Mich. 75, 80, where it was not found necessary to decide the question."

Nor is such a trust a violation of the statute of frauds.\* *Patton* v. *Chamberlain,* 44 Mich. 5. The facts and circumstances of each case must be examined in the light of general trust principles to determine whether a trust has been created. *Matthews* v. *Forslund,* 112 Mich. 591.

From an examination of the record there appears to be no serious dispute over the facts that prior to the time that defendant, Roberts, acquired the stock certificates, plaintiff and Calvert were the real parties in interest in the corporation and that neither wanted their identity known; that Calvert assumed active management of the cafe; that the business was not a paying one; and that the defendant knew that Calvert had some interest in the business. Moreover, there is testimony from which the trial court would be justified in finding that at the time the stock certificates were assigned to defendant, he knew who the real parties in interest were and also knew that he was acting in the capacity of trustee. This con-

---

\* See 3 Comp. Laws 1929, § 13416.—Reporter.

clusion may be further substantiated by the fact that after the transfer, plaintiff continued to manage the business and receive its proceeds.

We agree with the trial court that a trust relationship existed between the parties, moreover we think the trial court was correct in his ruling that no lien for services existed against the stock certificates. In this connection defendant contends that he is entitled to a lien in the sum of $2,500 against 50 shares of the stock. The burden of establishing such a lien rests with defendant. It is admitted that upon occasion he took $160 out of the cash register in the cafe. Nor do we find in the record or in defendant's brief any evidence as to the value of the claimed legal services.

Judgment affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, POTTER, and TOY, JJ., concurred.