## No. 6965.

MRS. MARY F. BLOUIN ET AL. VS. LIQUIDATORS OF HART & HÉBERT.

The mere fact that a creditor accepts the voluntary surrender of his debtor will not stop interest from running on his debt, or divest any pledge he may have.

The written agreement of a debtor who has borrowed certain bonds, to return bonds of the same description, for the same amount, at a certain term, is not a promissory note for the amount of the bonds. The obligation is to return the specific bonds at the time fixed, or pay their value at that time.

The fact that the stock of a corporation is only transferable on the books of the company, does not prevent a stockholder from validly *pledging* his stock, by merely delivering to his creditor the *certificates* of his stock. A transfer of the stock on the books is not necessary to perfect the pledge.

A creditor holding the mortgage note of a third person as collateral security, is compelled to credit the debt due him with only the net sum he was legally able to collect on said notes.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *McVea*, J.

*E. D. Favrot* and *Herron & Bird* for plaintiff and appellee.

*Samuel P. Greeves* and *Favrot & Lamon* for defendants.

The opinion of the court was delivered by

MARR, J. On the first of January, 1875, Mrs. Mary Frances Blouin,

wife of Joseph D. Blouin, lent to Hart and Hébert, bankers of Baton Rouge, nine 5-20 U. S. bonds, of 1867, eight of which were for $1000 each, and one was for $500, for which they gave her their writing, in the form of a promissory note, bearing interest at eight per cent after maturity, at one year, for $8500, payable in U. S. 5-20 bonds, of 1867, "with $7000 of Baton Rouge Gas Light Company stock as collateral security, which are to be returned with the note, when paid, to S. M. Hart as his property:" and, on the same day, Hart and Hébert executed and delivered to Mrs. Blouin their promissory note for $500, payable on the first of January, 1876, with eight per cent interest from maturity.

The Gas stock was represented by two certificates, one for eighty, and the other for two hundred shares, of $25 each; which were delivered to Mrs. Blouin, together with a note of Father Delacroix, for $1800, secured by mortgage on three lots of ground in Baton Rouge.

In the fall of 1875, Hart & Hébert suspended; and on the seventh December, by Notarial Act, they surrendered and conveyed their property and assets, which were, nominally, largely in excess of their liabilities, for the benefit of their creditors, who appointed a Board of Liquidators to manage and administer the property. In this Act all the liabilities and all the assets and property surrendered are set forth and described; and it is stated that the shares of Gas Light Stock and the mortgage note of Delacroix were pledged to Mrs. Blouin as collateral.

In November, 1875, Joseph D. Blouin brought suit on the mortgage note, and obtained judgment on the confession of Father Delacroix, with recognition of the mortgage. Execution issued on this judgment, and the mortgaged property was seized, and, two thirds of the appraised value not having been bid at the first offering, it was sold on the first of April, 1876, for $500, on twelve months credit.

In November, 1876, Mrs. Blouin brought this suit to recover the balance due her on the two obligations, one for $8500, the other for $500, subject to a credit of $434 25, proceeds of sale of the Delacroix property, and $1582, paid to her on account by the Liquidators, on sixth June, 1876. She prays that her right to hold the stock in pledge be recognized, and that it be sold in satisfaction of her judgment and costs.

The Board of Liquidators deny that the stock was validly pledged to plaintiff; and aver that it is their property and should be returned to them. They also aver that if plaintiff should prove her demand, she is bound to credit it with the whole amount, principal and interest of the Delacroix note; and if she should fail to prove her demand, then the note belongs to them, and should be returned to them.

The judgment of the District Court was in accordance with the prayer of the petition, except that it allows the full amount, principal and interest, of the Delacroix note as a credit. The defendants appealed;

and appellee, in her answer prays that the judgment be so amended as to allow $434 25, the amount actually realized on the Delacroix note, as a credit, instead of the full amount of said note and interest.

Appellants complain in this court:

1: That interest should stop from the day when plaintiff, as one of the creditors of Hart & Hébert, accepted their voluntary surrender.

2: That the amount due on the first of January, 1876, was the full value of the note for $8500, in legal tender notes, then and now the currency of the United States.

3: That 'the Gas Light Stock is transferable only on the books of the company, on the surrender of the certificate: That the title of Hart & Hébert was never divested; and that defendants as assignees of Hart & Hébert are entitled to the stock.

4: They also insist that the judgment of the District Court charging plaintiff with the full amount of the Delacroix note is correct. That in his suit on the note J. D. Blouin alleged that it had been pledged to him as collateral; and the money advanced not having been paid, he has become absolute owner, and is entitled to the proceeds; and that Mrs. Blouin is bound by the statements and admissions of her husband, because the fact that she has credited her demand with the proceeds, shows that the suit was brought by him in her interest.

FIRST. The assets and property surrendered by Hart and Hébert, at the estimated value, are greatly in excess of the debts; but, whether plaintiff is to be paid in full or *pro rata*, her debt is the aggregate of principal and interest; and we know no reason or rule which requires her to give up the interest, as justly her due as the principal.

SECOND. The writing, obligation for $8500, is not a promissory note: It is a promise to return to Mrs. Blouin United States five-twenty bonds of 1867, calling for $8500. That is, Mrs. Blouin lent to Hart & Hébert bonds of that description, for that amount, and bonds of the same description, for the same amount were to be returned to her at the end of the year. The bonds were worth more than currency; and by the terms of the contract Hart & Hébert were bound to return to her the specific things promised, or their value, at the date at which they should have been returned.

THIRD. The certificates of stock were delivered to Mrs. Blouin, and pledged to her as security. Hart & Hébert could not, by any proceeding, have taken these certificates out of the possession of Mrs. Blouin without having first paid the debt due her in full. It is true, the stock is transferable only on the books of the company; but that simply means that the company will not recognize any one as the owner of stock who is not the transferee, on the books of the company, of the person to whom the certificates were issued; but this has nothing to do

with the rights which other persons may acquire, as between themselves and the stockholder, by the pledge and delivery of the certificates.

The Board of Liquidators can not claim this stock. In the act of surrender, their title, it is stated that the stock is pledged to Mrs. Blouin; and an extract from the minutes of the Board, of sixth January, 1876, is conclusive:

"J. D. Blouin was authorized to sell the Gas Stock held by him as collateral from Hart & Hébert, at public sale, by an auctioneer, by advertising fifteen days, and without resorting to judicial process."

FOURTH. There is no pretense that the Delacroix note was given or accepted in payment. It was held by Mrs. Blouin as collateral. When Blouin brought suit on it, he described himself as owner, and so he was, so far as the legal title was concerned. If this note had been paid in full, all the proceeds would have been applied to the debt which it was pledged to secure; but it does not thence follow that Mrs. Blouin was bound to allow the whole face of the note and interest as a credit, when she realized on it only $434 25. By prompt action her husband endeavored to collect this note; and at the smallest expense. He obtained a confession of judgment; and he subjected the mortgaged property. It was twice offered, and sold at the second offering on twelve months credit for $500, which must be assumed as the highest price that could have been obtained. It is not suggested that there has been any fault or laches on the part of plaintiff; nor that Father Delacroix has either means or property to pay the balance: nor is it said or shown that there was any means or process by which any more could have been realized on this note.

The Board of Liquidators knew that Blouin had obtained judgment on the note, as appears by an extract from the minutes of eighteenth December, 1876:

"It was resolved that Mr. Blouin be authorized to sell the judgment that he holds against Father Delacroix at public sale."

Blouin was one of the Board of Liquidators. As such he was bound to use proper diligence in collecting the assets and applying them to the payment of the debts. In addition to this his wife was a large creditor; and it is not reasonable to suppose that he would have asked, or that the other members of the Board would have granted permission to sell the judgment, if they had not been satisfied that it was good for nothing beyond the value of the property mortgaged to secure it.

We find no error in the judgment to the prejudice of defendants; but it must be amended in order to do justice to plaintiff.

It is therefore ordered, adjudged, and decreed that the judgment in so far as it allows, as a credit on the demand of plaintiff, "the sum of

eighteen hundred dollars, being amount of the Delacroix note and interest thereon from September second, 1871, to November, 1875," be avoided and annulled: that instead of that amount the judgment in favor of plaintiff be credited with the sum of four hundred and thirty-four dollars and twenty-five cents ($434 25), as of date first April, 1876, that being the amount realized by plaintiff on the Delacroix note; and, as thus amended that the said judgment be in all other respects affirmed with costs.