## HEDWIG LUTHER vs. WILLIAM T. HUNTER.

Opinion filed May 16th, 1898.

**Purchase of Claims by Surety of Administrator.**

A surety on an administrator's bond is not precluded from purchasing claims against the estate, but when the estate is insolvent, and pays only a percentage of the claims against it, and when this percentage was received by such bondsman on a claim which he undertook to purchase, but did not in fact own, and an action is brought against him by the true owner for money had and received, the recovery must be limited to the amount actually received.

**Assignment of Administrator's Fees—Delivery of Written Assignment.**

When the administrator of an estate desires to donate his fees for services as such to a third party, the execution and delivery of a written assignment thereof is a delivery of the property itself.

**Gift Inter Vivos.**

In order to constitute a valid gift of personal property *inter vivos*, the delivery of the property must clearly appear, and the donee must lose all control over the same. *Held*, that forwarding an assignment of a claim to administrator's fees to the judge of the probate court, without any instructions or directions to deliver the same to the party named therein as assignee, did not constitute a delivery of the property.

**Witness—Competency.**

A party to a written contract is a competent witness for a third party in no manner connected with such contract, to contradict the terms of the contract.

Appeal from District Court, Cass County; *Pollock*, J.

Action by Hedwig Luther against William T. Hunter. Judgment for defendant, and plaintiff appeals.

Reversed.

*Morrill & Engerud*, for appellant.

The proof and defendants answer shows that he received the money from the administrator for the payment of Luther's administration fees of which plaintiff holds an assignment executed before defendant received the money and that defendant received it with knowledge of plaintiffs claim. Hence, unless defendants show good title to the money as against plaintiff, he is liable for money had and received. Revised Codes, § 4263; 3 Blackstone,

162; *New York Life Ins. Co.* v. *Roulet*, 24 Wend. 505; *Roberts* v. *Ely*, 20 N. E. Rep. 605; *Hathaway* v. *Cincinnatus*, 62 N. Y. 434; *Gorely* v. *Butler*, 16 N. E. Rep. 734; *Sterling* v. *Ryan*, 37 N. W. Rep. 572; *Brand* v. *Williams*, 13 N. W. Rep. 42; *McMintz* v. *Ry. Co.*, 1 S. W. Rep. 815. The mere existence of a written assignment without proof of delivery is not evidence of a transfer by gift. *Young* v. *Young*, 36 Am. Rep. 634; *Gammon, etc.* v. *Robbins*, 12 L. R. A. 806; *Payne* v. *Powell*, 5 Bush. 248; *Buckman* v. *Buckman*, 33 N. J. Eq: 354; *Leonard* v. *Kebler*, 34 N. E. Rep. 659; *Flander* v. *Blandy*, 12 N. E. Rep. 32; *Wadd* v. *Hazleton*, 21 L. R. A. 693 and n. An assignment of his fees by an administrator before his accounting is against public policy. *In re Worthington*, 23 L. R. A. 97; *In re Kings Estate*, 68 N. W. Rep. 154. Hunter as surety on the administrators bond was liable with Griffin for the payment of claims. Griffin was short in his accounts. The court ordered Griffin to pay these preferred claims. If Griffin did not do so Hunter was liable for them. Meanwhile Hunter purchased the claims to protect himself and induced the administrator to pay him all the money on hand. Hunter's purchases are in law payment of the respective claims, because as surety on the bond, he was deemed to be in privity with his principal, and he could enforce the claims as against other creditors only for the amount actually paid. Revised Codes, § 6488; *Diebald* v. *Opperman*, 111 N. Y. 531; *Harrah* v. *Jacobs*, 39 N. W. Rep. 187; *Reed* v. *Norris*, 2 M. & C. 361. Parole evidence is competent to contradict or vary the terms of a written receipt. *Prairie School Tp.* v. *Haselieu*, 3 N. D. 328; Underhill on Ev., § 211.

*Benton & Bradley*, for respondent.

Both plaintiff and defendant moved for a directed verdict—every fact therefore which is supported by evidence on the part of defendant stands as if it had behind it the verdict of a jury. *Thompson* v. *Simpson*, 128 N. Y. 284; *Bentell* v. *Magone*, 157 U. S.

154; *Stanford* v. *McGill*, 6 N. D. 536, 72 N. W. Rep. 938. The property of Luther at the time he executed the assignment was a claim against an estate, an obligation of the estate to pay the fees prescribed by law. This claim was assignable. Section 3782, Revised Codes; Pomeroy's Rem. and Rem. Rights, § § 146–147. The outgoing administrator is entitled upon the settlement of his account to commission for that portion of the estate fully administered by·him. *Estate of Barton*, 55 Cal. 87; *Drake* v. *Drake*, 82 N. C. 443; *In re Crawford*, 5 L. R. A. 73 and n.; *Walker's Estate*, 9 S. & R. (Pa.) 223. In New York because of an express statute on the subject, an administrator cannot deduct commissions until awarded by the surrogate. 2 R. S. N. Y. 93, § 58; *Wheelright* v. *Wheelright*, 2 Redf. 501; *In re Harris*, 4 Den. 463; *In re Butler*, 9 N. Y. Supp. 642; *Matter of Hayden*, 54 Hun. 197. It is not against public policy for officers to assign fees and salaries already earned, the doctrine contended for by appellant is limited in its application to fees and salaries to be earned *in futuro*. *State* v. *Williamson*, 21 L. R. A. 837; *Bangs* v. *Dunn*. 4 Pac. Rep. 936; *Bank* v. *Wilson*, 25 N. E. Rep. 855; *Schwenk* v. *Wychoff*, 9 L. R. A. 221. An order on a part of a fund will be recognized ˌas an assignment in a common law action. *Grain* v. *Aldrich*, 38 Cal. 514; *Bank* v. *Spratlen*, 43 Pac. Rep. 1048; *Lauer* v. *Dunn*, 115 N. Y. 406. Parole evidence cannot be introduced to contradict the settled legal construction of an instrument. *Godkin* v. *Monahan*, 83 Fed. Rep. 116.

BARTHOLOMEW, J. Plaintiff and defendant each claim the ownership, by assignment, of the fees that were due one Herman M. Luther, as administrator of the estate of August Luther late of Cass County, in this state, deceased. The estate proved to be insolvent, and did not pay even the preferred claims in full, but defendant received the *pro rata* per cent. that the estate paid on account of such fees, and plaintiff brings this action to recover from him, and, by reason of certain facts hereafter stated, seeks to recover the full amount of such claim. There was a trial to a jury, and a verdict for defendant. Judg-

ment on the verdict, and plaintiff appeals direct from the judgment. At the close of the testimony each party moved for a directed verdict in his favor. Plaintiff's motion was denied, and defendant's granted. Plaintiff did not request to have any question of fact submitted to the jury after his motion was denied. He is therefore in the position of having requested the court to find the facts, and hence the facts necessary to support a judgment for defendant must be treated by us as having the support of the verdict of a jury. In other words, if there be any evidence reasonably tending to support such facts, we cannot disturb the verdict. *Stanford* v. *McGill*, 6 N. D. 536, 72 N. W. Rep. 938, and cases cited.

Upon the point, however, which we think must rule this case, there is no conflict in the testimony. It is purely a question of law, on undisputed facts. In 1894, Herman M. Luther resigned his position as administrator. Subsequently there were two administrators *de bonis non*, the second one being one Griffin. The defendant, Hunter, was on Griffin's bond as such administrator. Griffin was short in his accounts, and the defendant Hunter, fearing that a liability might arise on the bond, sought to purchase the outstanding preferred claims against the estate; and in pursuance of this desire he purchased, or attempted to purchase, the claim of Herman M. Luther for fees as administrator. Having received the dividend on the claim, plaintiff, claiming to be the owner thereof, brings suit against Hunter for money had and received, but demands judgment for the full amount of the claim, on the theory that defendant's position as surety on the administrators bond debarred him from purchasing claims against the estate at a discount, and that having done so, and received the *pro rata* payment thereon, and the estate having been exhausted, he must account to the true owner for the full amount of the claim. There are two sufficient answers to this contention: The action is for money had and received, and is not based upon the bond, directly or indirectly; and, second, defendant's position as surety on the bond placed him in no fiduciary relation to the

estate. An administrator is not permitted to purchase claims against the estate of which he is administrator, but we know of no law that extends the prohibition to a surety on his bond.

But if the claim was in fact the property of plaintiff, and defendant wrongfully received the money thereon, he can be required to account to plaintiff for the money received. It is conceded that plaintiff holds an assignment from Herman M. Luther, duly executed and delivered, of his entire claim for fees as the administrator of the August Luther estate. This assignment was dated May 30, 1896. If it conveyed anything, it was purely a gift *inter vivos*, as plaintiff paid nothing therefor. While, of course, a gift of personal property must be accompanied by delivery, in order to be of any validity, yet the authorities are now unanimous in holding that the delivery of the evidence of the debt—which is the real thing—is a delivery of the debt itself, that being the only delivery of which the property in its nature is susceptible.  5 Am. and Eng. Enc. Law, 521a, and cases cited.

It is urged, however, that at the date of said assignment Herman M. Luther had no interest in his fees, as he had previously assigned the claim.  On August 7, 1893, there was placed on file in the County Court of Cass County a writing signed by Herman M. Luther, which in terms assigned all his claim for such fees up to that date to one Henry Krogh, who had been the attorney for such administrator, and had a claim for attorney's fees against the estate amounting to $300.  On February 1, 1896, Krogh assigned his claim for attorney's fees, and also the claim of Herman M. Luther for administrator's fees, to the defendant, Hunter.  If there was any legal delivery of the assignment from Luther to Krogh then defendant has the better title to the claim; otherwise not.  As stated, this assignment was placed on file in the County Court on August 7, 1893.  It was dated at Great Falls, Montana, August 4, 1893.  How it reached the County Court of Cass County no one seems to know.  The official who was then and is now the judge of said court testified that the assignment "was filed by Henry Krogh, or received by mail from

Herman M. Luther. I do not know from which of the two I received it." Mr. Krogh testified as follows: "I reside in Fargo. My name is Henry Krogh, but I do not know whether I am the person mentioned in Exhibit A or not. That instrument [Exhibit A] was never delivered to me. I never had any knowledge of its existence until a protest was filed against Mr. Griffin as administrator. The first time I knew of its existence was when a protest was filed against Mr Griffin's report as administrator. At that time Mr. Olson was clerking in the County Court, and he told me one day, 'Henry, I think there is something of interest to you.' I asked what it was. He replied, 'The assignment of some money due Mr. Luther.' I asked to see it. He could not find it, and then showed me the book where it was recorded. That was the first I knew of it. That was in 1895, about the latter part of November. I never saw the original instrument until now. This is the first time I have had it in my possession. I never gave Herman Luther any consideration for that assignment. I did not know it was made out." This is all the evidence contained in the record touching the delivery. As Krogh did not file the document in the County Court, it must have been received by mail; but what instructions were sent with it, or for what purpose it was sent, or whether it was placed beyond the recall of the sender, we are not informed. No reason is suggested why it was not sent directly to the attorney, if intended for his benefit. It is clear that if it was so intended it was a gift,—purely a gift *inter vivos*,—and of which the donee remained in total ignorance for more than two years after it was made, and then learned of its existence incidentally, and a gift which never came to the manual possession of the donee until the time of the trial of this action. As we have stated, such gifts must be accompanied by delivery. The donor must lose all power of control over the thing donated. The law can indulge no presumptions in this case. While the record shows that Herman Luther is the uncle of plaintiff, yet it does not show that he is in any manner related to Krogh. He was under no obligation, legal or moral, to make

provision for him, and why he wished to make the attorney a present of nearly a thousand dollars is something that is in no manner explained.

Respondent urges that delivery is shown because Krogh, after he learned of the instrument on file, said to one witness that he controlled Luther's claim for fees, and to another that he owned the claim, and he in fact assumed to transfer it to defendant. All these acts might strongly indicate acceptance on Krogh's part, but they have no bearing whatever on the question of delivery by Luther. If there be any evidence of such delivery it must be found in the one fact that an instrument, in form an assignment, was forwarded to the County Court. In cases of gift of real estate, a delivery of the deed to the donee has sometimes been presumed from the fact that the donor filed the deed in the office of the register of deeds. But deeds are placed in that office only for the purpose of being recorded, and it is to the records thus made that the public must go in order to ascertain the condition of the title to any given tract of land. The grantor may not place the deed of record, and yet deny the title of the grantee. That would be to give the grantee a false credit, and enable him to defraud the public. The grantor, having placed the deed upon the records, cannot recall the same. As he has apparently invested another with the title, he is presumed to have devested himself thereof. But the office of the County Court performs no such service. It keeps no record of transfer of property. It is never consulted for that purpose. At the time this instrument was filed, the Compiled Laws of 1887 were in force. Under the provisions of the Probate Code therein contained, claims against an estate were not filed with the court. They were presented, with proofs of their validity, to the administrator, and if allowed by him, and this allowance confirmed by the court, they were then filed in the court for the sole purpose of showing the liabilities of the estate. But in no event was this so called "assignment" the presentation of any claim against the estate of August Luther, and there was no provision of law requiring that it be

filed or recorded in that office. Placing it of record gave it no more force and effect as a delivery to Krogh than would its delivery to the judge of probate as an individual, and no case can be found where the delivery of personal property to a third person, without instructions or statements, has ever been held a sufficient delivery to pass a gift *inter vivos.* The following cases will illustrate the strictness of the rule in cases of this character: *Flanders* v. *Blandy*, 45 Ohio St. 108, 12 N. E. Rep. 321; *Wadd* v. *Hazelton*, 137 N. Y. 215, 33 N. E. Rep. 143; *Gray* v. *Barton*, 55 N. Y. 68; *Young* v. *Young*, 36 Am. Rep. 634; *Bond* v. *Bunting*, 78 Pa. St. 210; *Buckman* v. *Buckman*, 33 N. J. Eq. 354; *Leonard* v. *Kebler's Adm'r*, (Ohio Sup.) 34 N. E. Rep. 659.

As there was in this case no competent evidence of a delivery of the assignment from Herman M. Luther to Henry Krogh, there must be a new trial. There is one error assigned upon the ruling of the court in excluding evidence, and as the same question may arise again it is proper to notice it. When Krogh was on the witness stand plaintiff offered to prove by him that when he made the assignment to defendant of his claim for attorney's fees and the Luther claim for administrator's fees (both of which were assigned by one instrument, and for the aggregate consideration of $175,) it was specially understood and agreed that the assignment of the administrator's fees was simply for the purpose of enabling the estate to be cleared up; that it should never be presented as a claim against the estate; and that defendant paid no consideration whatever therefor. This testimony was refused, apparently on the ground that Krogh could not, by parol, contradict the written assignment. But this was a misapplication of a rule which applies only to the parties to a written contract and their privies. Krogh as a party, or in his own interest, could not contradict the writing. But plaintiff was in no manner concluded by it. He was free to contradict it as he might, and Kreogh was a competent witness for the purpose. The evidence should have been received.

Reversed, and new trial ordered. All concur.