S. J. HELPS LARIMER v. A. L. BEARDSLEY, Trustee, De-
    fendant.   E. S. WEATHERLEY, Executor of the Estate
    of A. V. LARIMER, Deceased, Appellant.

**Gifts inter vivos:** TRANSFER TO TRUSTEE: EVIDENCE.  A gift *inter*
1  *vivos* may be consummated by a transfer of property to a trus-
   tee for the benefit of the donee.
   Evidence reviewed and held to show a gift *inter vivos* rather
   than a donation *causa mortis*.

**Same.**  A gift which has become effectual by delivery of the prop-
2  erty to a trustee for the benefit of the donee, is not affected
   by a subsequent antenuptial contract of the donor.

**Trusts:** TERMINATION.  Where a gift of bank stock, with a reserva-
3  tion of dividends during the donor's life, had become effectual
   by delivery to a trustee, subsequent possession of the same by
   the donor during his life did not operate to terminate the trust.

*Appeal from Woodbury District Court.*— HON. JOHN F.
                        OLIVER, Judge.

WEDNESDAY, JUNE 6, 1906.

ACTION in equity to have defendant Beardsley declared
a trustee for plaintiff of twenty-five shares of capital stock, of
the par value of $100 each, in the Northwestern National
Bank of Sioux City.  On the application of defendant
Beardsley, E. S. Weatherley as executor of the estate of A.
V. Larimer, the deceased husband of plaintiff, by whom a
certificate for fifty shares of such stock had been assigned
during his lifetime to defendant Beardsley, was made also a
party defendant, and filed an answer denying plaintiff's
right to any interest in said shares.  After a trial on the
merits the court entered a decree sustaining the contention
of plaintiff, and defendant appeals.— *Affirmed.*

*Milchrist & Scott,* for appellant.

*M. J. Sweeley,* for appellee.

McCLAIN, C. J.— It appears from the evidence that in November, 1900, one A. V. Larimer delivered to defendant Beardsley who was his attorney a certificate representing fifty shares of the capital stock of the Northwestern National Bank, assigning the same to him as trustee with the oral agreement or understanding that Beardsley should hold the same as trustee until the death of Larimer when the stock was to be equally divided between himself and the plaintiff, then known as Jennie Helps or Sarah Jane Helps, with a reservation to Larimer during his lifetime of the right to use the dividends from such shares of stock. In February following Larimer wrote a letter to Beardsley expressing in definite terms the purpose of the assignment previously made. Plaintiff was then a resident of England. In August following Larimer wrote a letter to plaintiff in which he related the fact that after having had an attack of pneumonia he had, when sufficiently recovered to get down town, made an assignment to her of $5,000 of stock in said bank and left it in the hands of said Beardsley with instructions to surrender the stock to the bank and have new stock issued to plaintiff in her name, and send the same to her in case of his death. At the time this letter was written Larimer and plaintiff were engaged to be married. In November following an antenuptial contract was entered into between Larimer and plaintiff in which it was stipulated that Larimer should pay plaintiff on demand $15,000 and plaintiff in consideration of said promise and the payment of said sum to her relinquished all her claims and demands on all other property real or personal of the said Larimer. Subsequently and in pursuance of the contract of marriage existing when the antenuptial contract was made Larimer and plaintiff were married and Larimer

1. GIFTS INTER VIVOS: transfer to trustee: evidence.

paid the plaintiff a sum considerably in excess of the amount stipulated for in the contract. After this marriage defendant Beardsley, who resided at Sioux City, and there had possession of the certificate of stock which had been assigned to him as already described, at the request of Larimer who resided at Omaha, sent the certificate to Larimer, who retained it for a time, and then returned it to Beardsley who kept it in a safety deposit box, of which Larimer was given one of the duplicate keys. Subsequently a new certificate of stock was issued for reasons not indicating any change of relations between the parties and the new certificate was held by Beardsley as a substitute for the original certificate until Larimer's death in March, 1905. Under these facts as to which there is no substantial controversy it is contended for appellant Weatherley as executor of Larimer's estate that the transfer of the stock to Beardsley as trustee for plaintiff was not an unconditional gift but a gift *causa mortis* and that Larimer not having died of the illness of which he was suffering at the time of the original transfer the unconditional right to the twenty-five shares of stock never vested in plaintiff; and further that all the plaintiff's right to this stock, if she had any, under the assignment in trust was relinquished by the terms of the antenuptial contract.

It seems to us that a consideration of the facts above narrated clearly supports the conclusion of the court that plaintiff is entitled to the twenty-five shares of stock in controversy. The circumstances of the original assignment when Larimer was recovering from the illness with which he had been afflicted and the subsequent recognition thereof after he was entirely restored to health in the letter to Beardsley declaring the terms of the trust and in the letter to plaintiff announcing the fact of the previous assignment in trust are wholly inconsistent with any intention that the transfer was by way of donation *causa mortis*. That a complete gift may be made by transfer of property to a trustee for the

benefit of the donee is a proposition too clear to require citation of authorities. See, however, *King v. Smith,* 110 Fed. 95 (49 C. C. A. 46, 54 L. R. A. 708); *Hogan v. Sullivan,* 114 Iowa, 456.

There is not entire consistency between the declaration of the trust to Beardsley and the notice thereof to plaintiff, but that is in our judgment wholly immaterial so far as the effect of the trust is concerned. Without any notice to plaintiff whatever or acceptance by her the gift not burdened with any conditions or obligations so far as plaintiff was concerned became effectual by the assignment and declaration to Beardsley. The gift having become effectual by the unconditional assignment and delivery of the certificate of stock to Beardsley as trustee the subsequent antenuptial contract could not operate by its terms as a waiver or relinquishment thereof on the part of plaintiff.

2. SAME.

The claim that the trust was terminated by the delivery to Larimer of the certificate of stock after the marriage between Larimer and plaintiff is also without merit. Larimer had the right to draw the dividends on the stock during his lifetime and as no transfer on the books of the bank had been made he no doubt had the right to vote such shares and for these purposes it would be perfectly proper that he have possession of the certificate. There is nothing to indicate that the certificate was surrendered to him for the purpose of terminating the trusteeship even if it could have been terminated by any act as between Beardsley and Larimer, and the subsequent conduct of the parties negatived any such intention. It is suggested in argument that the certificate could be transferred only on the books of the bank, but this is true only with reference to the question as to who was a stockholder in the bank. See Rev. St. U. S. section 3159 [U. S. Comp. St. 1901, page 2054]. Certainly there is no question as to the right of the owner of shares of stock in a national bank to

3. TRUSTS: termination.

transfer a legal or equitable right to such shares although they remain in his name on the books of the bank.

The decree of the lower court is clearly correct, and it is *affirmed.*