BLANCH LEFFINGWELL LEEDHAM et al., Appellees, v. MARION G. LEEDHAM et al., Appellants.

No. 42355.

APRIL 3, 1934.

REHEARING DENIED SEPTEMBER 27, 1934.

J. D. Carstensen, for appellants.

John E. Purcell and E. C. Halbach, for appellees.

ALBERT, J.—On and prior to December 10, 1924, Frank W. Leedham was the owner of 89 shares of stock in the Lyons & Fulton Bridge Company, a corporation which owned and operated a toll bridge across the Mississippi river in the north part of Clinton, Iowa. On the above date the said Frank W. Leedham executed a certain written assignment, as follows:

"Clinton, Iowa, December 10, 1924.

"For good and valuable consideration received, I, Frank W. Leedham, do hereby assign, convey and set over to my son, Harry L. Leedham, all of my right, title and interest in and to 85 shares of Lyons & Fulton Bridge Stock, being all of the stock now owned by me, said stock to be his absolutely."

After the execution of this instrument by Leedham, the same was left with his attorney (Carstensen), with oral instructions to deliver it to Harry L. Leedham after the death of the said Frank W. Leedham. On the 30th day of April, 1929, Frank W. Leedham executed a note for $1,490 to the Iowa State Savings Bank, and pledged as security for the payment of the same his four certificates of stock in the above corporation, covering 89 shares of stock. On November 15, 1929, Frank W. Leedham died intestate, leaving a widow, a daughter, and the son, Harry L. Leedham, as his only heirs at law. On January 31, 1930, Harry L. Leedham, who in the intermediate time had been appointed administrator of his father's estate, secured said stock from the bank and had the same transferred on the books of the corporation to him individually, for which one certificate of stock for 89 shares was issued in exchange for the aforesaid four certificates, and the said new certificate was then pledged for the payment of the aforesaid $1,490 note in the Iowa State Savings Bank. Later this note was paid out of the assets of the estate of Frank W. Leedham. Harry L. Leedham died intestate on November 21, 1930, leaving surviving him a widow and two minor sons as his only heirs at law. The widow was appointed ad-

ministratrix of his estate, and Margaret Miller was appointed administrator *de bonis non* of the Frank W. Leedham estate.

On the release of said stock that was held as collateral by the bank the same was taken by the administratrix of the Harry L. Leedham estate, and was later assigned to Marion G. Leedham, guardian of her minor children, and as such guardian she collected the income from said shares of stock. The above set out assignment was, shortly after the death of Frank W. Leedham, in accordance with the oral instructions, delivered by Carstensen to Harry L. Leedham. The certificates of shares of stock in the bridge company, owned by Frank W. Leedham, were not during his lifetime delivered either to Harry L. Leedham or Jens C. Carstensen.

The first question discussed is the validity and effect of the aforesaid assignment. In the case of Morrow v. Gould, 145 Iowa 1, 123 N. W. 743, 25 L. R. A. (N. S.) 384, after discussing the definition of "shares of stock," this court said:

"It follows from the foregoing definitions that shares of stock represent an interest in the earnings and property of the corporation, and that a certificate is not stock itself, but only a convenient representation of it, for one may be a stockholder without having a certificate issued to him. * * * It is there said, in effect, that a share of stock entitles the owner thereof to demand his proportion of the dividends, and, upon dissolution of the corporation, to also demand his proportion of the assets. * * * There is in our judgment no inconsistency in saying that shares of stock are in the nature of a chose in action, and in also holding that they represent an interest in the property of the corporation."

A certificate of stock is not the stock itself, but merely written evidence of the ownership thereof and the rights and liabilities resulting from such ownership. It is merely the paper representative of an incorporeal right, and stands on a footing similar to that of other muniments of title. 14 C. J. p. 478, section 698. As between the parties, real shares of stock in a corporation may be transferred by a written assignment thereof, without delivery of such certificates representing the stock. Fletcher on Corporations, vol. 6, p. 613, section 3785; Campbell v. Woodstock Iron Co., 83 Ala. 351, 3 So. 369; Equitable Securities Co. v. Johnson, 36 Colo. 377, 85 P. 840; Everitt v. Farmers & Merchants Bank, 82 Neb. 191, 117 N. W. 401, 20 L. R. A. (N. S.) 996; Grymes v. Hone, 49 N. Y. 17, 10 Am. Rep.

313; Barnhouse v. Dewey, 83 Kan. 12, 109 P. 1081, 29 L. R. A. (N. S.) 166; Smith v. Savin, 141 N. Y. 315, 36 N. E. 338; Parker v. Bethel Hotel Co., 96 Tenn. 252, 34 S. W. 209, 31 L. R. A. 706; 14 C. J., p. 673, section 1043, note 48.

We reach the conclusion that the interest of Frank W. Leedham in said corporation was intangible and not subject to physical delivery, but that he had the right by written instrument (the assignment) to transfer his interest in said corporation to his son.

In 28 C. J. p. 637, section 26, it is stated:

"The general rule is that a gift of property evidenced by a written instrument executed by the donor is consummated by a delivery of the instrument without a manual delivery of the property, especially where it is not in the power of the donor to make a manual delivery. Thus a gift of chattels or choses in action by deed is made complete and valid by delivery of the deed alone, without an actual delivery of the chattels or evidence of the choses in action."

This text is supported by the uniform decisions of some twenty states, and there are no citations to the contrary.

The delivery of the written assignment of a chose in action is a good delivery of the chose in action and is sufficient to support the gift. Jacobs v. Jolley, 29 Ind. App. 25, 62 N. E. 1028; Matson v. Abbey, 141 N. Y. 179, 36 N. E. 11; Luther v. Hunter, 7 N. D. 544, 75 N. W. 916; Bond v. Bunting, 78 Pa. 210; Cowen v. First National Bank of Brownsville, 94 Tex. 547, 63 S. W. 532, 64 S. W. 778.

In Reed v. Copeland, 50 Conn. 472, 47 Am. Rep. 663, the court said:

"The execution of an instrument declaring an intention to make a present gift to him, or a declaration of trust in his favor, is enough to constitute a gift which a court of equity will uphold and enforce."

But it is urged that, so long as the assignment was not delivered during the lifetime of Frank W. Leedham, it was not effective. It has long been the rule in this state that a written instrument conveying property may be placed in escrow with directions to the holder to deliver the same on the death of the grantor, and that, if this escrow agreement is carried out, it makes an effectual delivery and passes title to the grantee which relates back to the first de-

livery. The last discussion we had of this proposition was in Davis v. John E. Brown College, 208 Iowa 480, 222 N. W. 858, where our previous holdings are fully reviewed. The aforesaid Brown College case was much stronger than the present case, because in that case the grantor reserved the right to recall the deeds, but we held that, in view of the fact that she never exercised this right and the deeds were, in accordance with the escrow agreement, delivered after her death, it carried a good title to the grantee. In the case under consideration there was no reservation of the right to recall this assignment. It never was recalled, and was duly delivered after the death of the assignor. To our minds this conveyed good title in this stock to Harry L. Leedham. Where a written gift of stock has been fully executed so as to transfer the title, the fact that the donee retains the certificate in his possession is immaterial. Grymes v. Hone, 49 N. Y. 17, 10 Am. Rep. 313; 14 C. J. p. 673, section 1043; In re Estate of Higgins, 207 Iowa 95, 222 N. W. 401; McKemey v. Ketchum, 188 Iowa 1081, 175 N. W. 325.

But it is insisted that this cannot be true because, as above set out, after the assignment was made and placed in escrow, Frank W. Leedham pledged the certificates of stock with the Iowa State Savings Bank for a loan of $1,490, and by reason thereof he exercised a right over said stock by so doing which amounted to a recall of the assignment. We have heretofore distinguished between stock as an entity and certificates of stock, and, in the light of what we have said, when this assignment was duly made, executed, and delivered to the party by whom it was to be held in escrow, with directions to deliver at the death of the maker, title passed from Frank W. Leedham.

In Tucker v. Tucker, 138 Iowa 344, loc. cit. 349, 116 N. W. 119, this court said:

"The test seems to be whether any interest in the property itself has been retained, as distinguished from the mere use or enjoyment. It is needless to add that, where there has been a completed gift, the mere fact that naked possession has been acquired by the donor for the temporary purpose of enjoying the use only, as for the collection of interest on deposits in a bank or the dividends on stock therein as in this case, without intent to reinvest him with title, will not disturb it. * * * And, of course, any act of the donor after a completed gift not consented to or acquiesced in by the donee will not affect the title in the latter."

In Larimer v. Beardsley, 130 Iowa 706, 107 N. W. 935, it was held that a gift which had become effectual by delivery of the property to a trustee for the benefit of the donee is not affected by a subsequent antenuptial contract of the donor. This seems to be in accord with the general holdings of the courts. See 28 C. J. p. 645, section 39.

The acts and conduct of Frank W. Leedham after the assignment was executed and delivered to the party by whom it was to be held in escrow could not affect the assignment. Tucker v. Tucker, 138 Iowa 350, 116 N. W. 119; In re Estate of Podhajsky, 137 Iowa 742, 115 N. W. 590; Holmes v. McDonald, 119 Mich. 563, 78 N. W. 647, 75 Am. St. Rep. 430; Jacobs v. Jolley, 29 Ind. App. 25, 62 N. E. 1028. It follows, therefore, that the fact that Frank W. Leedham used his certificates of stock as collateral to a loan made from the aforesaid bank cannot affect the rights and interests of Harry W. Leedham.

In the light of these holdings we are constrained to hold that the district court erred in its ruling herein, and the case is reversed. —Reversed.

STEVENS, KINDIG, KINTZINGER, MITCHELL, and ANDERSON, JJ., concur.