J. T. LENIHAN, the Administrator of the
Estate of Julius Meyer, deceased,
Plaintiff and Appellant,

v.

Sophie MEYER, Albert Meyer, Jacob Meyer
and Wilhelm Meyer, Defendants
and Respondents.

No. 7949.

Supreme Court of North Dakota.

Nov. 22, 1961.

Thompson & Lundberg, Bismarck, for plaintiff and appellant.

William S. Murray, Bismarck, for defendants and respondents.

TEIGEN, Judge.

This is an action by the administrator of the estate of Julius Meyer for an accounting and delivery of certain personal properties, or its value, alleged to be owned by decedent in his lifetime and in possession of, or converted by, the defendants. The answer is in the form of a denial.

Julius Meyer died intestate on July 7, 1958, leaving surviving him his widow and six children. Four children were of a former marriage, the youngest of which was adopted by his second wife. Two children are the issue of the second marriage. The widow, the adopted child, and the two chil-

dren of the second marriage are named as defendants. The property is described in the complaint and consists of livestock, farm machinery, household goods and an automobile.

The defendant widow, Sophie Meyer, claims she became owner of the property described in the complaint before the death of her husband. She claims ownership by virtue of a bill of sale delivered to her by her husband about one and one-half years before his death. The bill of sale is in evidence and is regular in form. It is dated December 3, 1956, and was filed on December 23, 1956, in the office of the register of deeds in the county where the property is located and the parties lived. The property intended to be transferred by the bill of sale was described therein as "all my personal property, whatever it may be." The case was tried to the court without a jury. The lower court found that the deceased in his lifetime had transferred and conveyed all of the personal property described in the complaint to his wife, Sophie Meyer, and that the estate had no interest therein. It dismissed the action.

The plaintiff has appealed from the judgment and demands trial de novo in this court.

The lower court's ruling is challenged on two grounds: (1) The insufficiency of the bill of sale to be efficacious as an instrument of transfer, and (2) Failure to prove the purported donor's intent to relinquish the right of dominion of the property on the one hand, or to create it on the other. In other words, that there was no completed gift.

A third point is argued pertaining to property which plaintiff claims deceased obtained subsequent to the delivery of the purported bill of sale.

There is no claim that the bill of sale was not delivered. There is clear undisputed testimony that the bill of sale was in fact delivered by the deceased in his lifetime to his wife and together they caused it to be filed in the office of the register of deeds. There is no claim of fraud, duress, or undue influence. There is no claim that the bill of sale was improperly executed.

In support of the first point, appellant maintains the bill of sale does not sufficiently define, describe, or designate the property intended to be transferred thereby. The contention is that the general description "all my personal property, whatever it may be" cannot be construed as a conveyance of the property described in the complaint.

According to the evidence, the deceased and his wife were farmers, living on a farm which they owned and had operated for many years. The deceased was almost 80 years of age when he died. His first wife died in 1918. Later he married the defendant. The record does not disclose the date of the second marriage; however, the children of both marriages were adults, had left the parental home and were not dependent upon their parents when the transaction in question occurred. The second wife, a defendant in this action, was about 20 years younger than her husband. Some of the farm land was in her name but most of it was in the husband's name. In the year 1956, the land in the husband's name was conveyed to the wife by deed. The record does not disclose the month this transaction occurred. The two bank accounts had been held in the joint names of both for many years. On December 23, 1956, he delivered to her the bill of sale in question. He was then about 78 years of age and she was 58 years of age. There is no evidence that the husband was ill or contemplated death at the time of the execution and delivery of the bill of sale. The duration of the marriage was sufficiently long to have permitted children, born the issue thereof, to have reached adulthood. The evidence discloses the grantor did some of his own legal work. He drew the bill of sale in question at their farm home. Later, at the county courthouse, he delivered it to his wife in the presence of witnesses and together they caused

it to be filed in the office of the register of deeds. There is no evidence in this record of any exceptions, conditions or reservations, either oral or written, before or at the time of the delivery.

Appellant claims the general description of the property is not sufficiently certain to constitute an enforceable agreement between the parties.

A gift of personal property is defined as a voluntary transfer of personal property without consideration. Section 47–11–06, NDCC. A transfer in writing is called a grant or conveyance or a bill of sale. Section 47–09–05, NDCC. It vests in the transferee all the actual title to the thing transferred which the transferor then has unless a different intention is expressed or necessarily implied. Section 47–09–16, NDCC. A transfer is an executed contract, subject to all the rules of law concerning contracts in general except consideration. Section 47–09–03, NDCC.

Turning to the law of contracts, we find that the language of a contract shall govern the interpretation if the language is clear and explicit and does not involve an absurdity. Section 9–07–02, NDCC. It must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting so far as the same is ascertainable and lawful. Section 9–07–03, NDCC. If possible the intention of the parties must be ascertained from the writing alone, subject however to other provisions of the chapter on contracts. Section 9–07–04, NDCC. It may be explained by reference to the circumstances under which it was made and the matter to which it relates. Section 9–07–12, NDCC.

"In determining what property has been transferred by a bill of sale under a description by general classification, the intent of the parties controls, and such intent may be gathered by reference to the circumstances under which it was executed." Royal v. Aubol, 69 N.D. 419, 287 N.W. 603.

In the above case a bill of sale was held valid which described the property as "all my farming machinery including my combine" and the intent of the parties was gathered by reference to the circumstances under which the contract was made.

Applying the foregoing rules and considering the circumstances under which the bill of sale in question was drawn, executed, and delivered, it appears clear to us the language must be interpreted to include all of the personal property described in this action owned by the grantor on the date he delivered the bill of sale in question to his wife. The donor had conveyed his land to his wife by deed. The bank accounts were joint. The donor was considerably older than his wife, and at the time was 78 years of age. The circumstances signify a clear intent on the part of the husband to convey all of his worldly goods to his wife. The general description of subject matter described in the bill of sale takes on a full meaning. It appears to have been clearly his intent to transfer "all my personal property, whatever it may be" to his wife. He could hardly have used more clear language.

Under the state of the evidence in this case, it appears clear all of the essential elements common to a gift inter vivos were present. The gift was complete. A completed gift inter vivos is a transfer of property made voluntarily and without consideration effective immediately and irrevocably on an unconditional delivery, actual or symbolical, having regard to the circumstances and the nature of the property. First National Bank & Trust Co. of Fargo v. Green, 66 N.D. 160, 262 N.W. 596. See cases cited therein.

All legal requirements to effect delivery of the property itself were completed upon the delivery of the bill of sale. Luther v. Hunter, 7 N.D. 544, 75 N.W. 916; Fletcher v. Nelson, 6 N.D. 94, 69 N.W. 53.

For the reasons aforesaid, the second argument advanced by the appellant can be of no avail because a gift under our stat-

utes, other than a gift in view of death as defined by Section 47–11–09, NDCC, cannot be revoked by the giver. Section 47–11–08, NDCC. Furthermore, there is ample evidence in the record to sustain a finding that the husband's continued exercise of dominion over the subject matter was in accordance with the donee's wishes. The record is replete with uncontradicted testimony, elicited by the appellant from the donee when he called her for cross-examination as an adverse party, to the effect that the property belonged to her, that she had given consent to her husband to carry on the business as it had been carried on before and that they consulted relative to major decisions. It establishes a principal-agent relationship. Pertaining to the trade of the old automobile for a new automobile, after delivery of the bill of sale, she testified: "It was paid with my property, now. It was paid with my property and the car was mine before and what we paid in was paid with my property." She then testified that the payment of the difference was made in part by a certificate of deposit and part by a check and when asked if the check was drawn against her husband's account, her answer was: "Against my account." There was considerable testimony elicited on this cross-examination. It was all uniform in support of her claim of ownership of the property, and it will serve no good purpose to review it further. A search of the record fails to disclose any evidence submitted in contravention thereof.

We find there was a completed gift inter vivos of all of the property described in the complaint in this action upon delivery by the husband to his wife, the defendant in this action, of the bill of sale described herein. For these reasons, the estate has no interest in the property and the case was properly dismissed in the lower court.

The judgment is affirmed.

SATHRE, C. J., and BURKE, MORRIS and STRUTZ, JJ., concur.